**AMERICAN INS. UNION v. MEHRTON.**

No. 19626. Opinion Filed April 14, 1931.

Rehearing Denied June 30, 1931.

Fair & Crouch and Snyder, Owen & Lybrand, for plaintiff in error.

Everett Petry and A. E. Montgomery, for defendant in error.

CULLISON, J. This is an action by the beneficiary of a life insurance policy to recover upon a death claim.

On January 12, 1928, Bertha Mehrton, plaintiff below, recovered judgment for $1,000 together with interest against the American Insurance Union, defendant below.

Defendant denies liability on the ground that the policy had lapsed for nonpayment of the monthly premium due June 20, 1926, and that the policy holder was never reinstated.

Parties will be referred to as they appeared below.

Section 305, defendant's by-laws, provides for the appointment of local representatives as follows:

"The national board of directors shall appoint national regents, cashiers, special representatives. * * *"

Section 932 provides:

"Representatives shall have such powers and duties only as may be delegated to them by the national board of directors."

Section 603 provides:

"For convenience of administration, sub-

ordinate bodies to be known as chapters shall be established and maintained with such powers, rights, privileges, duties and obligations as are or may be prescribed. * * *"

Section 910 fixes the number and names of the elective officers of each chapter:

"The elective officers of the chapter shall be a president, vice president, secretary, treasurer, etc. * * *"

Section 910-A:

"A cashier shall be appointed for each chapter by the national board of directors and he shall serve as long as he is satisfactory. The cashier of any chapter may be removed at any, time by the national board of directors for neglect of duty, or for conduct unbecoming a member, or for the violation of the provisions of the constitution and laws of the society."

Section 910-B creates a chapter cabinet, and defines its powers and rights, in part, as follows:

"The officers of each chapter and its cashier shall constitute the chapter cabinet. * * *"

It will be observed that the cashier of the local chapter is appointed by the national board of directors and is a member of the cabinet.

Section 301 provides:

"The executive power shall be vested in the national board of directors, * * * with all the responsibilities and liabilities of a controlling or governing board of trustees or directors of a corporation not for profit."

Section 921, second supplement, defines the powers and duties of the cashier, and reads in part as follows:

"* * * He shall also receive all money due the society for premiums and from other sources giving a receipt therefor on a form authorized by the national board of directors; deposit the same in a bank authorized by the national board of directors in the name of the American Insurance Union. * * *"

It will be observed that the defendant insurance company, through its national board of directors, appoints the cashier of each local chapter as its sole agent or representative of said society, and clothes him with sole power to collect and receive "all money due the society for premiums and from other sources," etc.

The plaintiff, in the second paragraph of her petition, says:

"That said defendant has, and maintains, a system of local organizations, with officers and agents authorized to accept mem-

bers and deliver contracts or policies of insurance and collect dues, assessments or premiums thereon."

Plaintiff further says, in paragraphs 5, 6, and 7 of said petition:

"On or about the 1st day of May, 1926, Bertha Wylder made application for membership in said defendant company through its agent, the said Simon Bryan, and paid to said company the sum of five dollars as a membership fee and one month's premium or dues for life insurance in the sum of one thousand dollars to be paid to this plaintiff upon the death of said Bertha Wylder and due proof thereof. Said application was in writing and was delivered to the defendant, and plaintiff does not have either the original or a copy thereof, but said defendant has same and is fully familiar with the contents thereof.

"Thereafter (the exact date being to plaintiff unknown) said application for insurance was accepted by said defendant, and on the 9th day of July, 1926, there was delivered to said Bertha Wylder, by said defendant, a contract or policy of insurance evidencing such acceptance, and wherein it was expressly agreed by the defendant to pay to this plaintiff the sum of one thousand dollars upon the death of said Bertha Wylder. Plaintiff is unable to attach a copy of said policy of insurance for the reason that she does not have a copy or the original. The original is in the possession of the defendant, and defendant is fully informed of the contents thereof. That policy was No. 294910, known and designated by defendant as its 'Legal Reserve Cash Saving Step Rate Policy,' which said policy the defendant is requested to produce at the trial of this cause.

"That on the __ day of November, and while said policy of insurance was in full force and effect, the said Bertha Wylder died. Proof of death was thereafter duly made to said defendant company, in writing, which said proof was received, kept, and retained by said defendant without objection, and without request for additional proof, or suggestion as to the sufficiency thereof. That plaintiff believes said proof to have been fully in accordance with the said contract of insurance, but if same were in any manner defective or insufficient, defendant has by its conduct as aforesaid waived its right to object and is now estopped from objecting thereto.

"On or about the 17th day of March, 1927, the said defendant refused to pay to this plaintiff the said sum of one thousand dollars due under said contract, or any other sum, on the ground and for the reason that it claimed that said Bertha Wylder was not a member of said defendant company.

"The said Bertha Wylder, and this plain-

tiff, as beneficiary, have performed all the things required of them under the terms and conditions of said contract of insurance and the by-laws of the defendant company, except such as may have been waived as aforesaid."

Defendant, in its answer, makes the following admissions:

"This defendant, American Insurance Union, for answer to the petition of the plaintiff herein, says:

"This defendant admits the allegations in rhetorical paragraph No. 1 of said petition and admits that on or about the 1st of May, 1926, Bertha Wylder applied to the defendant for membership in said association; and further admits that on or about the 12th day of May, 1926, said application was accepted and an insurance policy was duly issued to the said Bertha Wylder, for the sum of one thousand dollars ($1,000.-00) payable at her death, in accordance with the terms and subject to the conditions therein set forth, to the plaintiff herein, Blanche Mehrton, mother of said Bertha M. Wylder; and further admits that the said Bertha M. Wylder died on or about the __ day of November, 1926."

Defendant further says that the insurance policy referred to in the preceding paragraph contained the following provisions, to wit:

"In consideration of the application for membership and of the warranty that each and every statement and answer made therein is full, complete and true, and of the further warranty by the application that they are the only statements and answers upon which this contract is made, the American Insurance Union does hereby receive into its membership Bertha M. Wylder of Barnsdall, Oklahoma, insuring the life of said member in the sum of one thousand dollars ($1,000.00) payable to Blanche G. Wylder, mother, within sixty days after the approval of satisfactory written proofs of the death of said member and the cancellation and surrender of this policy."

Defendant, further answering, sets out section 104 of its by-laws, which reads as follows:

"Premiums and Chapter Dues When Payable. Sec. 104. On the first day of each and every calendar month of the year, there shall be due on each and every policy in the life division, a monthly premium and monthly chapter dues. All premiums and monthly chapter dues shall be paid on or before the 20th day of each month, without notice. Said payment shall be made to the cashier by each and every member of the society and by the person responsible therefor, under each and every junior policy.

No chapter nor cashier nor chapter officer or national officer, nor representative, nor any person whomsoever has or shall have the right or power to waive this obligation. Any of said premiums may be paid quarterly, semi-annually or annually in advance, thus enabling a member to guard against lapsing himself.

"When Member Lapses Himself. Sec. 104. If the premium and chapter dues are not paid on or before the 20th day of the calendar month, the member lapses himself, and all rights, privileges and benefits cease without notice or action of any kind."

Defendant further admits:

"The membership of the said Bertha M. Wylder and the policy aforesaid contained (continued) in full force and effect from the 12th day of May, 1926, until the 20th day of June, 1926, at which time said membership lapsed and said policy became null and void because of the failure of the said Bertha M. Wylder to pay her monthly premium of 65c (sixty-five cents) which was due on the first day of June, 1926, and because of her failure to pay her chapter dues on the 1st day of June, 1926."

Defendant also admits that if a member of its society should permit his policy to lapse he may be reinstated (sec. 106-A).

"Any one lapsing in the health and accident division may be reinstated at any time within six months while in good health, by making application on the printed form provided by the company and by paying the current monthly premiums to the cashier."

With regard to reinstatement in the life division, section 106, defendant's by-laws, provides:

"After the 20th day of the calendar month in which a lapse occurs, any member in the life division who has lapsed may be reinstated at any time within six months, upon the following conditions: (1) By depositing with the cashier of this chapter all unpaid premiums and dues and a reinstatement fee of ten (10) cents. (2) By making application for reinstatement on the printed form provided by the society, which application shall be attested and forwarded by the cashier to the home office. If the same is approved by the medical director the certificate of such member shall become valid, provided all the conditions of reinstatement have been met. The accepting and receipting for the premiums or chapter dues or reinstatement fee by the chapter or cashier, or any chapter officer, or national officer or representative, or any person whomsoever, shall not have the effect of reinstating such lapsed member or rendering his certificate valid until his application for reinstatement has been approved by the medical director."

Plaintiff, replying to defendant's answer, says:

"The plaintiff specially denies that the status of Bertha Wylder as a member of said defendant company was lapsed or forfeited on the 20th day of June, 1926, or at any other time; but that if she should be in error as to the legal status of said insured as a member of said defendant company on said date, that said defendant by delivering to said insured said policy of insurance on the 9th day of July, 1926, and accepting the premiums and dues thereon as alleged in plaintiff's petition waived such forfeiture, if any had occurred, and is estopped to now claim that such lapse or forfeiture had occurred.

"The plaintiff further alleges that at a time to plaintiff not exactly known, the said insured was advised by one Simon Bryan, the agent of the defendant, that the membership of said assured has lapsed on the 20th day of June, 1926, and thereupon said insured made application in due form in writing for reinstatement in accordance with the by-laws of said defendant, and delivered the same to defendant. That said defendant retained same and plaintiff does not have a copy thereof. That said defendant at no time notified insured of any action thereon, but continued to retain and still retains the premiums and dues paid by the insured without objection, and is now estopped to claim that it did not receive such application or to claim that same was not approved by its medical examiner or other officer."

Defendant contends that the premiums and chapter dues were not paid on or before the 20th day of each month as required by its by-laws and for that reason said policy has lapsed.

Defendant further contends that the first premium was due June 1, 1926, but might be paid as late as June 20th.

We cannot agree with this contention.

Defendant admits the application for insurance was made April 20, 1926, and that a membership fee and one month's premium accompanied said application. Defendant also admits that the policy in question was not delivered to the insured until July 8, 1926.

Section 1003, defendant's by-laws, provides:

"An applicant shall not become a beneficial member of any division or entitled to any benefits until his application shall have become approved by the medical director, nor until he has paid, while in good health, the premium and dues required by the national board of directors and chapter, nor until he has been elected, obligated, and initiated in accordance with the laws of the society, nor until his certificate (policy) has been delivered. * * *"

It certainly will not be contended that any benefits could ever accrue to the insured until the delivery of the policy to the insured.

The record clearly shows that the defendant company had received the applicant's money (membership fee and one month's premium) on April 20, 1926, but did not deliver the policy until July 8, 1926.

It is our view, and we hold, that the premium payment accompanying the application of April 20, 1926, did not, and could not, be accepted or regarded as a premium payment until after the delivery of the policy, July 8, 1926, and did in fact, and under defendant's by-laws, become the monthly premium payment for the month of July.

The record further shows that two more monthly premiums were paid at the time of the delivery of the policy, to wit, July 8, 1926.

Having held that the April payment was applicable to the month of July it would necessarily follow that the two additional payments on July 8th would be applied to the payment of the premiums for the months of August and September, which payments would keep the policy in force until October 1, 1926, and that said policy could not lapse until October 20, 1926.

Defendant contends that Bertha Wylder, the insured, failed to pay her monthly premium for the month of June, 1926, and for that reason her policy lapsed; that she was not a member of the local chapter nor a policy holder in the association at the time of her death.

The above contention is not borne out by the law or evidence in the instant case.

Having held that the April premium which accompanied the application should be applied as the July monthly payment (the policy not having been delivered until July 8, 1926), it very logically follows that no premium payment was due for the month of June, 1926.

The testimony shows that all the monthly payments on the policy in question were paid by the insured as they fell due, including the November payment; November being the month in which the insured died.

The whole trouble in this case was caused by the unwarranted contention of the defendant insurance company that the monthly premium payments were not paid when they fell due, to wit, on the first day of each

month. Defendant's by-laws specifically provide that the monthly payments may be paid on or before the 20th day of each month. Defendant's by-laws also provide that these monthly premium payments must be paid to the cashier of the local chapter, who is appointed by the insurance company, and by him transmitted to the home office. Defendant's attorney and all witnesses for defendant admit and testify that all the monthly premium payments were paid by the insured to their regularly appointed local representatives as required by the by-laws. Defendant's local cashiers appointed by such defendant company, at Barnsdall and Pawhuska, both testify that said cashiers are not required to report fees collected until after the 20th day of each month; that they did receive all monthly premium payments as they fell due, from the insured, and that they (cashiers) transmitted the same to the home office of the insurance company.

The defendant further contends that the insured allowed her policy to lapse. This contention, as heretofore mentioned, is based upon the fact or claim that the defendant did not receive the monthly payments until after the 20th of each month. The record shows clearly that the insured, under the direction of defendant's legally appointed agents, prepared and transmitted all necessary and requisite papers for reinstatement of the insured; that defendant insurance company held and retained said papers and made no report on the same until a technical defense was discovered.

If it could be said by any legal or logical reasoning the policy had lapsed—which we do not admit as true—the conduct of the defendant in calling upon the insured to execute, sign, and transmit to defendant a reinstatement application, and it appearing that the insured fully complied with said request, and it further appearing defendant received said reinstatement application, kept and retained the same, without objection to the sufficiency thereof—the defendant is estopped from setting up the defense of nonpayment.

We find from the evidence and the circumstances surrounding the entire transaction that the policy sued on had not lapsed; that all the irregularities complained of by defendant insurance company were mere pretexts.

The facts and circumstances in the case in no wise sustain said contention. It looks to us as being purely hypocritical in its nature and wholly unwarranted. The court will not permit such unethical conduct to sway it from determining the rights of litigants.

We are of the opinion, and hold, that the defendant by its conduct waived the purported defenses herein pleaded as against plaintiff's right to recover.

We deem it entirely unnecessary to devote further consideration or discussion to the many assignments of error raised by the defendant.

The judgment of the lower court is affirmed.

LESTER, C. J., and RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and HEFNER, J., absent and not participating.