JOHN SMITH, APPELLANT, v. GURDON J. MILLARD, CHARLES CLUTZ, A. T. ASH, AND SAMUEL ALEXANDER, APPELLEES.

Real Property: TITLE: EQUITY. M. entered a tract of land at the U. S. land office, and received the usual certificate of entry therefor. On the same day, for value, he assigned the said certificate and the land therein described to C. and his heirs and assigns forever, by writing on the back of said certificate, which assignment was duly signed, witnessed, acknowledged, and recorded. Afterwards, M. executed a mortgage to C. of same land, to secure a note for $800. Afterwards, and after the maturity of said note, C. entered into possession of said tract of land, claiming title under the said assignment of said certificate. While in such possession, C. mortgaged said land to D. M. S. & Co., to secure payment of a note for about $1,000. Afterwards, C. sold and endorsed the note of M. for $800 to the plaintiff S. The mortgage of C. to D. M. S. & Co. was foreclosed, the land sold thereon, and bought in by defendants A. and A. On action brought by S., plaintiff, to foreclose the first mentioned mortgage, *Held*, that as to defendants A. and A., plaintiff had no standing in a court of equity, and the decree of the district court dismissing the cause affirmed.

APPEAL from Adams county. Tried below before GASLIN, J.

*Batty & Ragan*, for appellant.

Grantor having final receiver's receipt can make a valid mortgage. 5 Neb., 261. Mortgagee's mortgage conveys no interest in realty. 2 Wash., 114. 17 Wis.,

41

212.   9 Cal., 426.   36 New York, 44.   Assignment of patent conveys no title.   10 Kan., 85.   Assignment of contract of public lands is no conveyance of fee. 49 Cal., 398.   12 Wis., 644.   35 Mich., 100.   28 Tex., 150.

*Hewett & Yocum*, for appellees Ash and Alexander.

Assignment of certificate by Millard to Clutz, with possession, conveyed all right and title of Millard, and subsequent mortgage between same parties was a nullity.   Gen. Stat., 872.   *Lillyman v. King*, 36 Iowa, 208. *Carroll v. Safford*, 3 Howard, 341.   3 Washburn on Real Property, chap. 3.   Clutz took land in payment of debt for which mortgage was given.   This canceled mortgage before the one to Steele & Co. was made.   2 Wash. on Real property, 562.   See also 15 Ohio, 408. 7 Ohio State, 281.   1 Greenleaf on Ev., 28.

COBB, J.

This action was brought to foreclose a mortgage executed by Gurdon J. Millard to Charles Clutz on a certain quarter section of land in Adams county, on the twenty-second day of July, 1873, to secure the payment of a note for $800, due August 15, 1873. Plaintiff claims as endorsee and holder of the note. The defendants, other than Millard and Clutz, were made such upon their own motion as subsequent purchasers and owners of the land.

The material facts, as proved at the trial and found by the district court, are substantially as follows:

1.   That on the fourteenth day of January, 1873, the defendant Millard entered at the United States land office the tract of land in question, and received a certificate of entry and purchase thereof in the usual form, and on the same day, by an assignment in writing on

the back thereof, duly executed, witnessed, and acknowledged before a proper officer, for value received, sold, assigned, and transferred the said certificate and the land therein described, to Charles Clutz and to his heirs and assigns forever, and authorized him to receive a patent therefor. This certificate, with the said assignment thereon, was at the same time delivered to Clutz by Millard, and kept by him, and on the twenty-first day of September, 1875, he caused the same to be recorded in the office of the register of deeds of Adams county. That on the twenty-second day of July, 1873, Millard executed and delivered to Clutz the mortgage set up in the plaintiff's petition, on the same land, to secure a promissory note executed at the same time for the sum of $800, due Aug. 15, 1873.

2. That Millard afterwards received from the government a patent to said land upon its purchase as evidenced by the said certificate.

3. That said Clutz, before the twenty-fourth day of February, 1876, and after the said note became due, entered into possession of said land, and claimed possession and ownership thereof, under and by virtue of the purchase thereof, as evidenced by the said assignment of and transfer upon the back of the said certificate of purchase and entry.

4. That on the said 24th day of February, 1876, the said note and mortgage were in the possession of said Clutz, and on the last mentioned day, he, the said Clutz, mortgaged said land to D. M. Steele & Co., to secure the payment of his promissory note for $994.00.

5. That default was made in the payment of said last mentioned note. An action was commenced, and judgment of foreclosure and sale rendered upon said note and mortgage by said district court of Adams county. A sale thereof by the sheriff of said county on such decree was made, and part of said land bought

at said sale by the defendant Ash and the other part by the defendant Samuel Alexander, and the sales duly confirmed by the said court. All of which was had and done before the commencement of this suit.

There were further findings of fact and of conclusions of law made by the district court, but which it is not deemed necessary to further notice for the purposes of this opinion.

The certificate, together with the assignment executed on its back, contained all of the elements of a deed of conveyance; and while as between Millard and Clutz it may have been, and probably was, intended as a mortgage, yet, as to third persons who had no actual notice or knowledge of the secret purpose of the parties, it was in the opinion of the writer a conveyance of the fee of the land. But without placing the opinion of the court upon ground which might be considered somewhat extreme, there can be no doubt that it at least conveyed an equitable estate in the land to Clutz, which, together with his right of possession, was capable of being mortgaged by him. While in the actual possession of the land and claiming title thereto under the said conveyance, Clutz executed the mortgage to D. M. Steele & Co. for a lawful consideration, which was received by them in good faith. After the foreclosure of such mortgage and the sale made to carry the same into effect, the defendants Ash and Alexander purchased the lands in good faith, relying upon Clutz's possession and claim of title, as well as the record of said certificate and the assignment thereof. Clearly, by such purchase and the sheriff's deed made by the order of the court, they took all the title which Clutz had in the land, equitable as well as legal. At the time of the execution of the mortgage by Clutz to D. M. Steele & Co., he held the note and mortgage of Millard upon which this suit is

brought. The note was dishonored and long past due. He had entered into possession of the mortgaged premises and conveyed them away for a valuable consideration. Under these circumstances he sold and endorsed the note to Smith, the plaintiff, and the latter took it subject to all of its infirmities in the hands of Clutz. Had Clutz undertaken to foreclose said mortgage against D. M. Steele & Co., his own subsequent mortgagee of the same property, he would have been met by every principle of equity and justice, and as his endorsee of the dishonored note, Smith, the plaintiff, is equally without standing in a court of equity, as against the defendants Ash and Alexander.

The decree of the district court is affirmed.

DECREE AFFIRMED.