GIOVANNI PICANARDI, Claimant,

*vs.*

THE EMERSON HOTEL COMPANY, Employer, and THE UNITED STATES FIDELITY AND GUARANTY COMPANY, Insurer.

*Workmen's Compensation—Board as Part Wages.*

The Workmen's Compensation Act, chapter 800 of the Acts of 1914, as amended by chapter 597 of the Acts of 1916, does not entitle the employee of a hotel, who was by his contract given free board in addition to his pay, to include the money value of the board as part of his wages in computing the amount of compensation, if such value was not fixed between his employer and himself at the time of hiring.          p. 94

*Decided November 13th, 1919.*

Appeal from the Baltimore City Court (Bond, J.).

The cause was argued before Boyd, C. J., Burke, Thomas, Urner, and Stockbridge, JJ.

*C. Morris Harrison,* for the appellant.

*J. Kemp Bartlett, Jr.,* and *Guion Miller,* with whom were *Bartlett, Poe & Claggett* on the brief, for the appellees.

Burke, J., delivered the opinion of the Court.

The appellant was employed as a baker by the Emerson Hotel Company. The compensation paid him by the company was fifty dollars per month and board. On July 1, 1917, his left hand was caught in a bread mixer, and he sustained injuries which, in the judgment of the State Industrial Accident Commission, hereinafter referred to as the Commission, amounted to a "disability partial in character

but permanent in quality," entitling him to an amount of compensation equal to fifty per centum of his average weekly wages.

There was no agreement between the appellant and the Emerson Hotel Company at the time of his employment fixing the money value of the board. He made application to the Commission for compensation for his injuries. On January 16th, 1918, the Commission passed a final order upon his application by which the Emerson Hotel Company, the employer, and the United States Fidelity and Guaranty Company, the insurer, were ordered to pay to the appellant compensation at the rate of $7.50 per week, payable weekly for the period of one hundred and fifty weeks, for the loss of the use of his hand, said compensation to begin as of July 15, 1917, subject, however, to a credit of such amount, if any, as might have been paid under a previous order of the Commission. From this order the appellant appealed to the Baltimore City Court, and from a judgment entered in favor of the defendants in that Court the appeal before us was taken. The record contains three bills of exceptions. The first and second exceptions were taken to the refusal of the Court to permit the appellant, *first,* to prove the money value of the board, *per week,* which he received from the Hotel Company; and, *secondly,* to prove generally the money value of that board. There was no disputed fact in the case, and at the close of the plaintiff's testimony the Court instructed the jury that the appellant had offered no evidence legally sufficient to entitle him to recover, and that their verdict should be for the defendants. The granting of this prayer constitutes the third exception.

It, therefore, appears that all the exceptions present but one question of law—a narrow question involving a construction of certain provisions of the Maryland Compensation Act of 1914, Chapter 800, as amended by Chapter 597, Acts of 1916. That question is this: Is a claimant entitled under the Act to have the money value of board included as a part of his weekly wages in computing the amount of compensa-

· tion to which he may be entitled where the money value of the board had not been fixed between his employer and himself at the time of the hiring? JUDGE BOND, who presided at the trial in the lower Court, filed a written opinion upon the question before him and which is presented by the record for our decision. We insert here a portion of that opinion, as we regard the conclusion reached by him as a correct interpretation of the Act upon the point involved. The references in his opinion are to certain sections in the Act of 1914, Chapter 800: "It is quite clear that it is the purpose of the Workmen's Compensation Act to secure the payment of benefits, not from the unknown and uncontrolled assets of the individual employers, but ordinarily, at least, from a fund set apart in advance of losses, either in the shape of the State Accident Fund or in the shape of insurance. This fund · is to be made up of premiums payable from time to time; and to the extent that experience makes it possible to foresee, the premiums are calculated to equal in the aggregate the benefits to be paid—in addition to incidental expenses with which we are not concerned. All the provisions of the Act concerning security for compensation are carefully designed to effectuate this plan.

"The State Accident Fund is created by premiums equal to fixed percentages of the money paid under employers' payrolls (Secs. 17, 18 and 19). Provision is made for the facilitation of calculation on the basis of these payrolls (Secs. 20 and 21). And all this is designed to make the fund sufficiently large to cover 'the catastrophe hazard,' and 'adequate to meet anticipated losses and carry all claims and policies to maturity' (Sec. 23). And provision is made (Sec. 29) to compel corporate insurers 'to establish and maintain adequate rates to cover respective risks to which their policies are applicable under the provisions of this article.' The funds to pay the losses, then, are to be made up of an aggregate of percentages of money paid on payrolls, this aggregate being an estimate of the aggregate losses to be paid. But obviously those funds will not equal the losses if the losses on

their part are to be calculated on the broader basis. The whole scheme will be upset. And the item of board is a very uncertain quantity; it may be measured by any one of three standards of value; that of cost to the employer, that of price to hotel guests, or that of cost to the employee outside; and the value according to any one standard is not a fixed quantity.

"I can only repeat that I think we are not permitted to suppose that the Legislature meant to have the funds provided to pay losses calculated upon a smaller basis than that allowed for the calculation of the losses themselves. That is equivalent to saying that 'average weekly wages' under Section 36, in which the scale of benefits is fixed, means wages in money or other things which have been given a fixed money value at the outset, just as it does in the earlier sections concerning the making up of the State Accident Fund and the provision of adequate insurance. This is confirmed by the letter of the statute. In Section 17, 'percentage of payroll' and 'percentage of wages' are used as synonymous terms. And we seem to have a similar identity of measure in Section 36 itself, for there it is provided that the allowance of 'fifty *per centum* of the average weekly wages' for permanent total disability shall not be less than a minimum of five dollars per week, 'unless the employee's established weekly wages are less than five dollars per week.' It would be straining these last words to interpret them as including board of undetermined value if such an element entered into the employee's agreement.

"It may be added that such an uncertainty in the basis of compensation of benefits as the item of board when unvalued, fruitful of litigation as it must inevitably be, is notoriously inconsistent with the purposes in mind when the Workmen's Compensation Act was planned."

Section 18 of the Act provides that: "In computing the payroll the entire compensation received by every workman employed in extrahazardous work and insured in the State Accident Fund, within the meaning of this Act, shall be included, whether it be in the form of salary, wages, piece-

work, overtime, or any allowance in the way of profit-sharing, premium or otherwise, and whether payable in money, board or otherwise. Provided the money value of board and similar advantages shall have been fixed by parties at the time of hiring."

The compensation to which the appellant was entitled as provided by Section 35 of the Act was fifty per centum of his average weekly *wages*. It is clear the Legislature did not intend, as to insurance in the State Accident Fund, that board was to be included as wages unless its money value was fixed by the parties at the time of the hiring. And for the reasons stated by JUDGE BOND in his opinion, it would be unreasonable to hold that it was intended that the premiums and rates of insurance from which the fund to pay losses were derived were to be calculated upon a narrower basis than that adopted for the allowance of compensation. The appellant has referred us to certain cases decided upon the compensation laws of Great Britain and California. By those Acts the compensation is based, not upon wages but upon the earnings of the employee. Wages and earnings are not synonymous terms. The latter is a much more comprehensive term, and the cases cited have not been found helpful in the construction of the Maryland Act.

Being of opinion that the construction placed by the Court below upon the Act is in accordance with the intention of the Legislature, the judgment will be affirmed.

*Judgment affirmed, with costs.*