STATE, EX REL. ABEL V. SHOTWELL, APPELLEE, V. E. M. LEFLANG ET AL., APPELLANTS.

FILED MARCH 28, 1922.    No. 21946.

1. **Nuisance:** DISORDERLY HOUSE: EVIDENCE. In a prosecution brought under chapter 63, Laws 1911, being sections 8775-8784, Rev. St. 1913, for keeping a place for prostitution, evidence of the general reputation of the place and of the persons frequenting it, together with other pertinent facts and circumstances relevant to the issue, are sufficient to warrant conviction. Particular acts of prostitution need not be shown by the state: *Drake v. State,* 14 Neb. 535.

2. **Appeal in Equity:** TRIAL DE NOVO. "Upon appeal in actions in equity, this court is required by the statute to try the issues *de novo,* without reference to findings of the trial court; but, when the testimony of witnesses orally examined before the court upon the vital issues in the case is conflicting, so that it would be impossible that both versions of the transaction can be true, this court will consider the fact that the trial court observed the wit-

State, ex rel. Shotwell, v. Leflang.

nesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite." *Shafer v. Beatrice State Bank,* 99 Neb. 317.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed.*

*Baker & Ready* and *H. Silverman,* for appellants.

*Abel V. Shotwell* and *Raymond T. Coffey, contra.*

Heard before LETTON, DEAN and DAY, JJ., CLEMENTS (E. J.) and WELCH, District Judges.

DEAN, J.

This is an injunction suit brought in the name of the state by the county attorney for Douglas county to abate a nuisance under chapter 63, Laws 1911, being sections 8775-8784, Rev. St. 1913, and known as the Albert law. The petition alleged generally that defendants were the owner and lessee, respectively, of the Havens hotel, having 80 rooms, and that the premises were occupied and used by "defendant Izzy Fiedler for the purpose of lewdness, assignation and prostitution." The prayer of the petition in effect is that defendants be perpetually enjoined from leasing or using the property for the unlawful purposes charged, and that the nuisance be abated and the contents of the building sold pursuant to the act in question. Defendants' answer is a general denial of the allegations of the petition except as to the fact of occupancy of the building by defendant Fiedler as a tenant.

The court found that defendants were the owner and lessee respectively of the hotel building and premises; that the building was occupied and used by Fiedler, the tenant, for the purpose of lewdness, assignation and prostitution, and that the premises constituted a nuisance. It was decreed that defendant Fiedler be enjoined from using the building or premises or permitting the use thereof for the unlawful purposes complained of, and that the fixtures, furniture and other movable property be removed there-

from and that the building be closed and so remain until the further order of the court. Upon defendants' request the court ordered that all of the decree be superseded, except that portion which prohibits the use of the building or permitting its use for the purpose of lewdness, assignation or prostitution, upon the giving of a $2,000 bond. The court's order was complied with and an appeal has been prosecuted to this court.

This suit was begun November 1, 1920. In January and February of that year the hotel was raided by a company of the police force known as the moral squad. In September, 1920, the place was raided at least twice by the same officers, the last raid being made the 22d of that month. Six or eight women were then apprehended, one of them being a notorious character of long standing who was arrested in a raid of the same premises February 15, 1920.

There is evidence tending to prove that the officers raided the house several times within a period of about a year before the trial, and that on one occasion they arrested four or five women and at another time eight were arrested. Some of the persons so taken, but not all, were convicted and fined in police court. A captain of police testified that, within the year preceding, he arrested a woman who stayed at the hotel who was soliciting men on the sidewalk as they passed the building, and that she was convicted in police court. Another, who was painted and powdered and gowned in silk, and who protested that she was a hotel chambermaid, was arrested, convicted and fined. An officer testified that in December, 1920, four women were arrested at the Havens hotel and all were convicted and fines imposed. There was much more evidence of the same sort going to show that the premises had a bad reputation, but we will not discuss the details, which are set forth at length in a fairly voluminous record.

Many witnesses were examined at considerable length on the part of defendant. Some men and some women testified to having lived at the hotel for some time. They

said they never saw a lewd woman there, nor did they observe any improper conduct by any person about the place, and that they did not even suspect the house of having a bad reputation, though some knew that its former reputation was bad.

In the oral argument complaint was made that no record of the conviction of the women was introduced in evidence. It was not incumbent on the state to do so in view of section 8777, Rev. St. 1913, which expressly provides that evidence of the general reputation of the place shall be admissible for the purpose of proving the existence of the nuisance complained of. In *Drake v. State*, 14 Neb. 535, it was held that general reputation of the house and of the persons frequenting it, together with other pertinent facts and circumstances relevant to the issue, are sufficient to warrant conviction, and that it is not necessary to show particular acts of prostitution. *State v. Ballew*, 26 S. Dak. 494; *State v. Flynn*, 175 Ia. 604; *Gregg v. People*, 65 Colo. 390; *Botts v. United States*, 155 Fed. 50. We are convinced from the evidence that the immoral practices charged as having been committed on the premises were so committed with defendants' knowledge.

This being an action in equity, we have tried the case *de novo* as required by law and, notwithstanding the conflict in the evidence, we are convinced that, in view of the record, our conclusion is supported by the great weight of the evidence. However, in reaching the conclusion herein announced we have considered the fact that, as pointed out in *Shafer v. Beatrice State Bank*, 99 Neb. 317, the trial court had an opportunity to observe the witnesses and their demeanor, an opportunity which is, of course, denied a court of review.

We do not find reversible error. The judgment of the district court is

AFFIRMED.