MARYLAND CASUALTY COMPANY, APPELLANT, V. GEORGE GEARY, APPELLEE.

FILED OCTOBER 25, 1932. No. 28522.

*Story & Thomas,* for appellant.

*George M. Harrington* and *Gerald F. Harrington, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

. This action arises under the workmen's compensation law. Plaintiff was the insurance carrier for the employer; John Robinson, doing. business as the Norfolk Hide & Metal Company, was the employer; defendant Geary was. the employee.

From a decree finding that defendant had sustained a compensable injury, causing permanent total disability, and awarding him compensation at the rate of $15 a week for 300 weeks and thereafter $12 a week for the remainder of his life, less amount paid, plaintiff has appealed.

Plaintiff complains that the evidence does not sustain the finding that defendant has suffered a permanent total disability.

The evidence discloses that defendant, while in the course of his employment, was operating a motor truck which overturned, and he was injured. The principal injury was to the vertebræ of his neck. The preponderance of the evidence shows that the second cervical vertebra, was fractured laterally; that the front segment of this vertebra was thrust forward to the extent of three-eighths of an inch, or possibly more, and that the back segment of the vertebra was slightly forced to the rear. Defendant testified that he is totally unable to perform any labor; that he cannot move his head from side to side without excruciating pain; that he suffers pain in his head and other parts of the body and has suffered ever since the injury, a period of more than one year. There is a conflict in the testimony of the medical witnesses. All of them agree that defendant has suffered a permanent injury. They differ as to the degree of the injury and as to whether the resulting disability is total or only partial. Some of plaintiff's witnesses estimate defendant's disability at 25 to 30 per cent. One of these witnesses testified that it is at least 50 per cent., while medical testimony on behalf of defendant is that he has suffered total disability which will be permanent.

Under the statute, workmen's compensation cases are heard in the district court as in equity, and on appeal to this court are to be tried *de novo*. In this class of cases it has been frequently held that, in reaching findings of fact, we will take into consideration that the trial court saw and observed the demeanor of the witnesses while

testifying and was better able to judge of their fairness and credibility than is this court from the record. *Shafer v. Beatrice State Bank,* 99 Neb. 317; *Enterprise Planing Mill Co. v. Methodist Episcopal Church,* 100 Neb. 29; *State v. Leflang,* 108 Neb. 138; *Southern Surety Co. v. Parmely,* 121 Neb. 146. This rule has peculiar force and applicability in the instant case. The trial court saw and observed the physical condition of defendant, the character and extent of his injuries, as he appeared in court. During the course of the trial, several X-ray photographs of defendant's cervical vertebræ were used and exhibited to the trial court, and witnesses pointed out thereon the various matters that were supposed to be disclosed thereby. Colloquies were had between the witnesses and the trial judge with reference to these photographs and the condition therein disclosed. None of these, save one, is in the record presented to this court. These photographs undoubtedly were of great help to the trial court in determining the weight to be given to the testimony of the medical witnesses. The opportunity to see and observe the defendant, the extent and character of his injuries and what these X-ray photographs disclosed is denied to this court. It clearly appears that the trial court was in a vastly better position, than is this court, to determine the weight to be given to the testimony of the medical witnesses, and to ascertain the true condition of defendant's injuries and resulting disability.

From an examination of the record presented in this court, and having in mind the findings of the trial court and its superior opportunity to truly ascertain the facts, we also find that defendant's disability is total and permanent.

Plaintiff contends that the amount of the award is not sustained either by the evidence or by the applicable law. The evidence shows that defendant was hired by Robinson to operate a motor truck and to buy hides and metal, operating out of Norfolk and covering a considerable portion of northwestern Nebraska; that his weekly wage

was $10 a week, plus the cost of his meals and lodging while he was employed. From the record it fairly appears that the cost of his meals and lodging equaled or exceeded $12.50 a week. If the cost of these items is to be considered a part of his wages, then his weekly wage amounted to at least $22.50 a week. For permanent total disability the statute provides for weekly payments of compensation to the injured employee for 300 weeks at the rate of 66 2/3 *per centum* of his weekly wage, but not to exceed $15 a week, and thereafter, for the remainder of his life, 45 *per centum* of his weekly wage, but not to exceed $12 a week.

Plaintiff contends that meals and lodging cannot be considered a part of the compensation, because the money value of these items was not fixed at the time of hiring, and relies on section 48-126, Comp. St. 1929, which so far as applicable reads: "Wherever in this article the term 'wages' is used, it shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident, and shall not include gratuities received from the employer or others, nor shall it include board, lodging or similar advantages received from the employer, unless the money value of such advantages shall have been fixed by the parties at the time of hiring." The part of the section quoted has not been heretofore construed by this court.

Were it not for the statutory limitation above quoted, there would be no doubt that the meals and lodging furnished by the employer would constitute a part of the employee's weekly wage. It has been so held by many courts in states where no such statute existed. Among the authorities so holding are *Fowler v. Zellerbach-Levison Co.*, 1 Cal. I. A. C. Dec. 609; *Haas v. Globe Indemnity Co.*, 16 La. App. 180; *Baur v. Common Pleas of Essex*, 88 N. J. Law, 128; *Ciarla v. Solvay Process Co.*, 184 App. Div. 629; affirmed in 226 N. Y. 566. See, also, Honnold, Workmen's Compensation, p. 574.

It has long been the policy of this state to give a liberal construction of the workmen's compensation law, so that its beneficent purposes might not be thwarted by technical refinement of interpretation. *McGuire v. Phelan-Shirley Co.,* 111 Neb. 609; *Baade v. Omaha Flour Mills Co.,* 118 Neb. 445; *Speas v. Boone County,* 119 Neb. 58. It is plain that, under the quoted part of section 48-126, Comp. St. 1929, had defendant and his employer agreed at the time of hiring that his wages should be $10 a week and an allowance of $12.50 a week for meals and lodging, the latter item would have been a part of his wages, within the meaning of the compensation law. If, at the time of hiring, the employer had said to his employee: "I will pay you $10 a week and pay your board and lodging at Hotel A. You can ascertain from the hotel what it will charge for board and lodging." Had the employee obtained that information from the hotel and communicated it to his employer, we think no question would be raised that the cost of board and lodging would be a part of his wages, within the meaning of the compensation law. In the instant case, defendant was required to obtain his meals at various cafes, restaurants and hotels, and his lodging at various hotels and boarding houses. Neither the employer nor the employee could know what the precise amount would be until such items were furnished to the latter. Whatever the cost of these items was, they were within the contemplation and agreement of the parties.

It is a maxim in equity that that is certain which is capable of being rendered certain. In this case, the cost of the meals and lodging was capable of being, and actually was, rendered certain. The money value of the meals and lodging was fixed at the time of hiring. Defendant furnished weekly a sheet on which these items were listed, and he was reimbursed therefor. We think that a liberal interpretation of the statute requires us to hold that the cost of meals and lodging was a part of the compensation which defendant received. It follows

that his wages, therefore, amounted to at least $22.50 a week.

Save in one respect, the judgment of the district court is right. After the first 300 weeks defendant will be entitled to compensation at the rate of 45 *per centum* of his weekly wage, or $10.13 a week, instead of $12, as allowed by the trial court. The judgment will be and hereby is modified to allow defendant compensation after the first 300 weeks at the rate of $10.13 a week for the remainder of his life.

As modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.