## H. J. HEINZ CO. et al. v. WOOD et al.

No. 27804. Dec. 7, 1937.

Fred M. Mock and Pierce & Rucker, for petitioners.

Major J. Parmenter, for respondents.

BAYLESS, V. C. J. H. J. Heinz Company, an employer, and Maryland Casualty Company, its insurance carrier, petition this court for a review of the award of the State Industrial Commission in favor of F. J. Wood, an employee.

The facts are not a controversial issue. Upon the facts the parties raised two legal issues. H. J. Heinz Company is a manufacturer of foods. It sells these foods in wholesale quantities to retail merchants. It maintains an establishment in Oklahoma City from which it sends salesmen and rep-

resentatives to sell its products, and from which it makes deliveries and otherwise handles these food products. The employee was employed as "consumers' product workman", and his duties consisted of following salesmen to retail stores where sales had been made of employer's products, and there arranging for the proper display and advertising of these products, holding demonstrations of these products for the public, and personally calling on customers of the retail merchant to acquaint them with the employer's products, and to create good will and a demand for the products, and increase sales. While arranging an advertising display in a store in Durant, Okla., he fell from a height and injured his elbow. This resulted in a degree of permanent disability equal to 30 per cent. of the loss of the use of the arm, for which an award was made. The petitioners seek a review of this award on the ground that the employee does not come within the provisions of the acts. The evidence disclosed that the employee received a salary of $18 a week plus an allowance of $12 per week when traveling to cover his subsistence, and a further allowance for travel or transportation, equal to the railroad fare between Oklahoma City and whatever point he was sent to by the employer. The employer insisted that $18 a week was the salary base upon which to calculate compensation, if compensation was due. The employee insisted $30 a week, comprising the salary and subsistence, was the proper salary base. The commission found that the employee's average weekly wages were $18 per week, and the employee has cross-appealed.

We will consider the petitioners' contention first; it reads:

"The commission was without jurisdiction to award compensation for the reason that the injured employee was not engaged in a hazardous occupation subject to, and covered by, provisions of the Compensation Law."

The petitioners urge that, under the evidence above outlined, the duties of the respondent were essentially those of a salesman, and, therefore, he comes within the rule heretofore announced by this court in Russell Flour & Feed Co. v. Walker, 148 Okla. 164, 298 P. 291; R. J. Reynolds Tobacco Co. v. Howser, 176 Okla. 445, 56 P. (2d) 392; F. E. Northway v. Tryon, 163 Okla. 159, 21 P. (2d) 501, and other cases. In so doing, the petitioners apparently are confused by the use of the word "salesman" and mistake the intent and effect of said decisions. An analysis of the cited cases will

disclose that they turn and are based upon situations where the work of the employee was thought chiefly manual and mechanical. As heretofore pointed out in the case of Veazey Drug Co. v. Bruza et al., 169 Okla. 418, 37 P. (2d) 294:

"Section 13349, O. S. 1931, enumerates and designates the classes of industries, and business enterprises, which come within the meaning and operations of the Workmen's Compensation Law."

It is conceded that H. J. Heinz Company was engaged in a wholesale mercantile business in Oklahoma, and employment in a wholesale mercantile establishment is designated as hazardous by the Workmen's Compensation Act. If the employee, while in the employ of the petitioner, was engaged in manual and mechanical work incident to, and connected with, such employment, he was within the protection of the law. Continental Baking Co. v. Campbell, 176 Okla. 218, 55 P. (2d) 114; Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P. (2d) 846; Pemberton Bakery v. State Industrial Commission. 180 Okla. 446, 72 P. (2d) 98; Wallen v. Carriker, 180 Okla. 445, 70 P. (2d) 100; Gibson Oil Co. v. Mannah, 180 Okla. 451, 70 P. (2d) 100. Measured by the rule announced in the above cases, we find that the employee was engaged in an employment designated as hazardous by the Workmen's Compensation Law; and that, under the evidence presented in the record, his work was chiefly manual and mechanical, and that the duties which he was performing when he was injured were incident to, and connected with, his employment; and, therefore, he came within the protection of the act. The State Industrial Commission had jurisdiction to make the award.

We will now consider the contention raised by the employee in his cross-appeal. which contention reads:

"The State Industrial Commission erred in computing his rate of compensation."

Section 13350, O. S. 1931, subdivision 8. reads:

" 'Wages' means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, including the reasonable value of board, rent, housing, lodging, or similar advantage received from the employer."

No case has been called to our attention wherein we have been called upon to construe and apply this definition as a matter of law applicable to a particular set of facts. We did approve a finding of the

commission merely as an issue of evidence, Chestnut & Smith v. Lynch, 84 Okla. 199, 202 P. 1018.

We find the decisions of the courts of other states to be in conflict. See Ann. in 84 A. L. R. 188. See, also, American Surety Co. v. Underwood (Tex. Civ. App.) 74 S. W. (2d) 551. A consideration of the cases cited in this annotation convinces us that they will not be of much assistance to us in the determination of this issue. In most of the cases therein cited the courts were endeavoring to determine the meaning of "wages" in the absence of a statutory definition. Obviously their problem differs from ours. Two of the decisions are from states having statutory provisions defining wages. See Maryland Casualty v. Geary, 123 Neb. 851, 244 N. W. 797, and Picanardi v. Emerson Hotel Co., 135 Md. 92, 108 Atl. 483. The decisions in these cases reach opposite conclusions.

In our opinion, by virtue of our statute, supra, an employee is entitled to have a finding of reasonable value of these specified allowances, and to have this reasonable value added to the money paid in order to arrive at his wages within the meaning of the act. In this case the employee introduced evidence, which was not contradicted or explained away, that he received $18 a week for his services plus $12 per week for subsistence when he was away from home. He testified that the scheme of employment required him to remain a week in each town.

It is clear from such finding that the allowance of $12 per week was not taken into consideration, which was contrary to the plain provisions of the statute, which reads:

" 'Wages' means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of injury, **including the reasonable value of board, rent, housing, lodging, or similar advantage received from the employer.**"

The award is affirmed in so far as it finds the employee is covered by the Workmen's Compensation Law, but it is vacated in so far as the finding as to the amount of wages is concerned, and the matter is remanded to the commission for further proceedings in conformity with the views expressed herein.

Affirmed in part, reversed in part, and remanded, with directions.

OSBORN, C. J., and RILEY, WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. DAVISON, J., dissents.