## SHEPHERD et al. v. HOOD et al.

No. 29138.   Oct. 10, 1939.

Rehearing Denied Nov. 7, 1939.

Butler, Brown & Rinehart, of Oklahoma City, for petitioners.

Claud Briggs and John Morrison, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

HURST, J.  Ed Hood, while employed by W. E. Shepherd & Son, sustained an injury to both feet, resulting in permanent partial disability.  There is no question about the employment or the nature and extent of the injury.  The Workmen's Compensation Law provides that the "average weekly wages" of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation (sec. 13355, O. S. 1931, 85 Okla. St. Ann. § 21), and for injuries of this type claimant is entitled to 66 2/3 per cent. of his "average weekly wage" for a certain number of weeks to be determined according to the applicable provisions of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22.  Claimant was given an award, and the only question before us for consideration is whether the Industrial Commission correctly determined the amount of claimant's average weekly wage.  The relevant finding of the commission is as follows:

"The claimant's average weekly wage for the year previous to the date of said injury, including $100 advanced him for living expenses while on the road, was $18.72, fixing his rate of compensation at $12.50 per week."

1.  Claimant had worked in the same employment for the same employer during substantially the whole of the year preceding the injury.  Where such is the case, the following formula is provided by section 13355, supra, for determining the average weekly wage : First, ascertain from the evidence the average daily wage during the days when so employed; second, multiply the average daily wage by 300 to ascertain the average annual wage; third, divide the average annual wage by 52 and the result will be the average weekly wage which forms the basis of the compensation.  See Skelly Oil Co. v. Ellis (1936) 176 Okla. 569, 56 P.2d 891; Harris Meat & Produce Co. v. Brown (1936) 177 Okla. 317, 59 P.2d 280; Sheffield Steel Corp. v. Barton (1938) 183 Okla. 624, 84 P.2d 17.

2.  The employer, W. E. Shepherd & Son, and their insurance carrier, Equity Mutual Insurance Company, who are petitioners here, first contend that the cause should be reversed because the commission erred in including the item of $100 advanced claimant for "living expenses while on the road" in computing the claimant's average weekly wage.  In H. J. Heinz Co. v. Wood (1937) 181 Okla. 389, 74 P.2d 353, where the employee received a fixed allowance of $12 per week for expenses during such time as he was away from home, we held that the amount allowed for expenses should be considered in determining the employee's wages

in connection with computing his rate of compensation. But here there was no fixed amount agreed upon for such expenses. Claimant drove a truck from three to five days a week and his arrangement with his employer was that he would draw $5 or $10 when he started out and at the end of each trip turn in receipts and account for all money spent. It is argued that because there was no fixed sum for expenses agreed upon, the Heinz Case is distinguishable.

Whether the rule in the Heinz Case should be extended to cases where the traveling expenses are not fixed and agreed upon in the contract of employment, has not been expressly passed upon by this court. Our Workmen's Compensation Law, however, defines the meaning of the term "wages" as it is used throughout the act. Section 13350, O. S. 1931, subd. 8, 85 Okla. St. Ann. § 3, subd. 8, reads as follows:

" 'Wages' mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, including the reasonable value of board, rent, housing, lodging, or similar advantage received from the employer."

There is nothing in the statute to indicate that the amount of the expenses must be fixed in advance. If a fixed allowance for living expenses while on the road may be included as part of the employee's wages, there is no reason, under the statute, why the amounts reimbursed under such an arrangement as we have here may not also be included.

Moreover, in Chesnut & Smith v. Lynch (1921) 84 Okla. 199, 202 P. 1018, without discussing the matter, we approved a finding by the commission of a wage based partly on evidence that the employee was paid board and room when away from home which amounted to $2.50 per day, and there was no indication in the opinion that any fixed sum had been agreed upon.

Petitioners rely upon Picanardi v. Emerson Hotel Co. (1919, Md.) 108 A. 483, and Thibeault v. General Outdoor Advertising Co. (1932, Conn.) 158 A. 912, as supporting the view that expenses are not allowable unless the amount has been fixed in advance. But in Maryland the Workmen's Compensation Act provides that board and similar advantages received by the employee shall not be considered as wages unless the money value of such advantages is fixed by the parties at the time of hiring. Thus the Picanardi Case is not in point. In the Thibeault Case, the court had under consideration the construction of the term "earning," and there was no provision in the statute defining the word. Thus the holding that such expenses

are not an "earning" is not decisive of the question before us in view of our legislation on the subject.

There is no question but that the evidence supports the amount allowed, and it was not error for the commission to consider this item in computing the wage.

3. What we have said disposes of the further contention that the commission erred in admitting evidence of the amount of the living expenses above referred to.

4. It is further contended that in computing the average weekly wage the commission must have based its finding on an erroneous average daily wage, or that it did not calculate the average weekly wage according to the formula prescribed by law which we have set out above. Claimant was paid a weekly salary, and there is no direct evidence as to how much his salary amounted to per day. He stated that he kept no books and did not know how much he had received during the year preceding the injury. But he testified that his salary ranged from $14 per week to $18 per week at intervals. Petitioners rely upon the pay roll, introduced in evidence, and contend that it shows a weekly salary of $16 per week, which amounts to $2.67 per day. Computing the "average weekly wage" from this figure, it amounts to $15.40 per week, rather than $18.72, as found by the commission. However, taking the pay roll as correct, since it is uncontradicted, we think the proper method of ascertaining the average daily wage is to take the total sum paid claimant, plus $100 for expenses, and divide it by the number of days during which the claimant was employed. Thus computed, the daily wage is $3.16, and when applied to the statutory formula, the average weekly wage is $18.24, making the rate of compensation $12.16 per week rather than $12.50, as found by the commission. There is no evidence to support an award for any other amount.

It does not appear that the commission employed an erroneous method of calculation, thus it must be assumed that they used the correct statutory method, but erred in calculation. Such being the case, this court will not vacate the award, but will direct a correction of the error and sustain the award as corrected.

5. It is further contended that it was reversible error for the commission to admit in evidence a report prepared by the employer showing that claimant's wages during the quarter of the year immediately preceding the injury was $18 per week, because it did not purport to include the whole year. Even assuming that it was improper to ad-

mit this report, it would be harmless error in view of the other evidence establishing the average daily wage for the year and our holding herein. Section 3206, O. S. 1931 (22 Okla. St. Ann. § 1068, note 170) ; Rock Island Coal Mining Co. v. Galvin (1923) 96 Okla. 95, 220 P. 832; Ford v. State (1923) 23 Okla. Cr. 46, 212 P. 444.

The State Industrial Commission is directed to correct the award so as to allow weekly compensation at the rate of $12.16 instead of $12.50, and as so corrected the award is sustained.

BAYLESS, C. J., and RILEY, OSBORN, CORN, and DANNER, JJ., concur. WELCH, V. C. J., and GIBSON and DAVISON, JJ., dissent.