1999 OK CIV APP 139

**MAZZIO'S CORPORATION and Own Risk, Petitioners,**

v.

**Nathan L. DICK and The Workers' Compensation Court, Respondents.**

No. 92,748.

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 10, 1999.

David J.L. Frette, McGivern, Gilliard & Curthoys, Tulsa, Oklahoma, for petitioners.

Gus Farrar, Farrar & Farrar, P.C., Tulsa, Oklahoma, for respondents.

*OPINION*

STUBBLEFIELD, P.J.

¶ 1 Employer appeals from order of the Workers' Compensation Court three-judge panel, which affirmed the trial court's order awarding benefits that included mileage reimbursement in computation of claimant's average weekly wage. Based on our review of the record on appeal and applicable law, we sustain the order in part and reverse in part.

¶ 2 Claimant Nathan Dick filed his Form 3 alleging he sustained injury to his right knee on December 10, 1997, when he slipped and fell on a piece of cardboard while working as a pizza delivery person for Employer Mazzio's Corporation. When the matter came on for trial on the issues of temporary total disability (TTD) and permanent partial disability (PPD), Employer stipulated that the accident and injury occurred. The principal issue for determination became the calculation of Claimant's average weekly wage.

Claimant requested that the trial court consider his "entire compensation package," including wages, tips *and mileage payments,* in computing his average weekly wage. Employer disputed the amount of tips received by Claimant and argued that none of the mileage payments should be included in wage computation.

¶ 3 The trial court found that Claimant had sustained disability and entered an award calculating Claimant's average weekly wage by including his mileage reimbursement. This was based on the trial court's conclusion that reimbursement for mileage necessitated by the performance of an employee's job (as opposed to mileage traveled to and from work) constitutes an "advantage" to the employee "similar" to "board, rent, housing [or] lodging" under 85 O.S.Supp.1998 § 3(11).

¶ 4 Employer appealed to a three-judge panel, asserting that the trial court's inclusion of mileage reimbursement in arriving at Claimant's TTD and PPD rate was against the clear weight of the evidence and contrary to law. The three-judge panel affirmed, and Employer now seeks review in this court.

¶ 5 Employer asserts that the lower court improperly included Claimant's mileage reimbursement in his average weekly wage computation because (1) the statutory definition of "wages" does not specifically include mileage reimbursement; (2) mileage reimbursement is not similar to board, rent, housing and lodging; (3) the mileage reimbursement did not constitute an "advantage" to Claimant; and, (4) Claimant was compensated for his services through an hourly wage plus tips and paid mileage only for expenses/losses due to use of his vehicle. For the following reasons, we agree that the lower court's judgment was error.

¶ 6 We first note an incorrect distinction made by the trial court regarding the fact that Claimant drove as part of his work, as opposed as driving only to and from work. Although some workers, principally truck drivers, are paid wages based on miles driven, the uncontroverted evidence herein established that Claimant was not paid such wages. Claimant testified that he was paid an hourly rate of $5.50 and was entitled to keep one hundred percent of his tips. He did testify that he received $0.24 for each mile driven in his personal automobile, but the evidence clearly demonstrates this was a reimbursement and not a part of Claimant's compensation.

¶ 7 During cross-examination of Claimant by Employer's counsel, the following exchange occurred:

Q. Now, on that mileage situation involving your automobile, Mazzio's is paying you to deliver the pizza but they are saying you use your car and we will pay you the costs to use it?

A. Right.

Q. They don't pay you for any of the gasoline?

A. No.

Q. They don't pay for the oil?

A. No.

Q. They don't pay the insurance?

A. No.

Q. And they don't allow for depreciation of your vehicle?

A. Correct.

Q. In other words that is an expense that 24 cents a mile is an expense for Mazzio's not having to buy their delivery vehicle and so they are paying you for the use of yours?

A. Right.

Q. And then ideally the 24 cents that they are paying you covers your expenses in running your car?

A. Correct.

¶ 8 The undisputed evidence was that Claimant received a paycheck every two weeks, which included payment only for the hours he worked. He also kept all of the tips he received. The paycheck did not include any payment for mileage—that payment was made in cash each work day based on the mileage Claimant reported that day.

¶ 9 Employer's benefits supervisor testified that no taxes were withheld from the cash mileage payments, because the payments were not considered income by the Internal Revenue Service. She did not agree with Claimant's counsel's attempt to charac-

terize the payments for mileage as part of Claimant's "compensation package," but stated she would define the payments as "business reimbursement."

¶ 10   Title 85 O.S.Supp.1998 § 3(11), defines "Wages" as "the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, including the reasonable value of board, rent, housing, lodging, or similar advantage received from the employer." Claimant urges us to conclude that there is competent evidence in the record to support the lower court's finding that the mileage reimbursement was an "advantage" to him "similar" to board, rent, housing and lodging set forth in section 3(11).   He also asserts that Oklahoma law does not require a claimant to prove that reimbursement for mileage exceeds actual expenses and cites what he claims to be supporting authority for this assertion.

¶ 11   However, authority cited by Claimant deals only with living expenses and not mileage reimbursement.   In one of the cases cited by Claimant, *H.J. Heinz Co. v. Wood,* 181 Okla. 389, 74 P.2d 353 (1937), the court addressed the meaning of "wages" under the act, where an employee "received a salary of $18 a week plus an allowance of $12 per week when traveling to cover his subsistence, and a further allowance for travel or transportation, equal to the railroad fare between Oklahoma City and whatever point he was sent to by the employer."   *Id.* at 390, 74 P.2d at 353. The employee insisted that "$30 a week, comprising the salary and subsistence, was the proper salary base" for calculating compensation, *id.,* 74 P.2d at 354, while the employer insisted that $18 a week was the proper salary base.   The lower court agreed with the employer, but on appeal the supreme court vacated the compensation award and remanded for "further proceedings in conformity with the views expressed herein," *id.* at 391, 74 P.2d at 355, after determining that "the allowance of $12 per week was not taken into consideration, which was contrary to the plain provisions of the statute...." *Id.* No mention was made of the separate travel/transportation allowance the employee received.

¶ 12   In the other case cited by Claimant, *W.E. Shepherd & Son v. Hood,* 185 Okla. 635, 95 P.2d 619 (1939), the court extended the rule in the *Heinz* case—the rule that included "a fixed allowance for living expenses while on the road" as part of the employee's wages—to cases "where the traveling expenses are not fixed and agreed upon in the contract of employment."   *Id.* at 636, 95 P.2d at 621.   The supreme court thus found that the lower court did not err in considering the "$100.00 advanced to [the claimant] for living expenses while on the road," *id.* at 635, 95 P.2d at 621, in computing the wage, where the employee had this arrangement with the employer:

> Claimant drove a truck from three to five days a week and his arrangement with his employer was that he would draw $5 or $10 when he started out and at the end of each trip turn in receipts and account for all money spent.

*Id.* at 636, 95 P.2d at 621.   Clearly, this case also deals with living expenses and is not authority on the issue of mileage reimbursement.

¶ 13   Employer directs us to a leading authority on workers' compensation law, which states:

> In computing actual earnings as the beginning point of wage-basis calculations, there should be included not only wages and salary but any thing of value received as consideration for the work, as for example, tips, bonuses, commissions and room and board, *constituting real economic gain to the employee.*   A car allowance is includable as wage only if it exceeds actual truck, or travel expenses.

5 *Larson's Workers' Compensation Law,* § 60.12(a) at 10–648 through 10–660 (1998) (footnotes omitted) (emphasis added).   The treatise indicates that "wages" generally do not include amounts paid to the employee to reimburse him for employment-related expenditures of the type that would not be incurred *but for the particular employment.* This is because an employee who is given an allowance or reimbursement to cover such expenses suffers no economic loss when he "no longer incurs these extraordinary expenses."   *Blake Stevens Constr. Co. v. Henion,* 697 P.2d 230, 232 (Utah 1985).

Therefore, courts in other jurisdictions have required some showing that the payments are more than sufficient to reimburse the employee for employment-related expenses "so that in effect the excess can be considered as extra compensation to the [worker] for his services performed." *Moorehead v. Industrial Comm'n*, 17 Ariz.App. 96, 495 P.2d 866, 869 (1972).

¶ 14 Claimant asserts that the majority view on the question is "not very useful" herein in because Oklahoma has a statute defining "wages." We disagree, not only because mileage reimbursement is not one of the statutorily specified allowances, but because we conclude that this view is consistent with the intent and purpose behind Oklahoma workers' compensation law.

¶ 15 The record does not reveal Claimant's *total* cost of operating his vehicle and, thus, we are unable to determine whether the expenses were greater or less than $0.24 per mile allowance. However, the evidence indicates the mileage payments were, indeed, a repayment of expenses incurred and not additional wages—they do not seem intended to give Claimant any financial gain from the use of his vehicle. As Employer points out, in 1997, the Internal Revenue Service (IRS) rate for business use of an automobile exceeded $0.30 per mile. Rev. Proc. 96–63, 1996–53 I.R.B. 46, superseded by 97–58, 1997–52 I.R.B. 24. Thus, the federal government did not view any mileage reimbursement of $0.30 per mile, or less, as an economic benefit, constituting income, to the recipient. We hold that payment by an employer of mileage to an employee, for employee's use of a private automobile, at a rate at or below the recognized IRS rate, is prima facie an expense reimbursement, which would not constitute wages.[1] For a claimant to successfully maintain that all or part of the payment does constitute wages, he/she would have to demonstrate that the payment exceeded actual total costs of operation of the vehicle and was intended, in the employment agreement, to be compensation, or that the payment so substantially exceeded mere reimbursement as to demonstrate that Employer knew or should have known that the payment constituted compensation.

¶ 16 It was Claimant's burden to prove every element of his claim—including his wage amount for the purpose of compensation calculation. *See American Management Sys., Inc. v. Burns*, 1995 OK 58, 903 P.2d 288. Our review of that proof, in an instance of factual dispute, is limited to an any-competent-evidence determination. *Darco Transp. v. Dulen*, 1996 OK 50, 922 P.2d 591. From our review, we conclude that the record lacks competent evidence to establish that the mileage reimbursement Claimant received constituted "wages" under the Workers' Compensation Act.

¶ 17 Accordingly, we find that the lower court erred by including the mileage reimbursement when calculating Claimant's average weekly wage. That portion of the panel's order computing Claimant's compensation rate is reversed. The remainder of the order is sustained. The cause is remanded to the lower court with instructions to recalculate Claimant's compensation rate excluding the mileage reimbursement.

¶ 18 SUSTAINED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

BOUDREAU, V.C.J., and REIF, J., concur.

---

1. For annual optional standard mileage rates *see*   *generally,* 26 C.F.R. § 1.62–2(c)(4).