### McQUISTON v. SUN COMPANY et al.

No. 19181.   Opinion Filed Dec. 24, 1928.

G. W. Leopold and J. F. Brett, for petitioner.

Clayton B. Pierce, Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for respondents.

RILEY, J.   Claimant, M. C. McQuiston, was employed by the Sun Company as a traveling salesman of their wares, which consisted of greases, lubricants, etc. He frequently went into mills and other places where machinery was located, in order to make recommendations to his customers. His injury, however, occurred upon the streets of Muskogee, while engaged in his duties; he was struck by an automobile.

The Industrial Commission dismissed the cause on the ground of lack of jurisdiction for the claimant was not engaged in such employment as comes within the provisions of the Workmen's Compensation Act, described as hazardous.

The sole question presented by this re-

view of the judgment rendered is that of jurisdiction.

Hazardous employment is defined by section 7284, C. O. S. 1921, as follows:

"Hazardous employment shall mean manual or mechanical work, or labor. * * *

"15. Where several classes or kinds of work is performed, the Commission shall classify such employment, **and the provisions of this act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."**

Thus the Legislature limited the operation of the Workmen's Compensation Act to employees engaged in manual or mechanical labor of a hazardous nature, and specifically excluded certain others. Webster's definition of "manual" and "mechanical" forecloses application of the terms to the duties of a traveling salesman. Such a man's duties are mental rather than physical.

Reliance is sought by petitioner upon Oklahoma-Arkansas Telephone Co. v. Fries, 128 Okla. 295, 262 Pac. 1062, but there it was said:

"The claimant here devoted the major portion or part of her time in that class of work or labor which would be termed manual or mechanical and not clerical and was an employee falling within the provisions and protection of the act."

Not so in the case at bar. Buchanan v. Echols & Nix (Ga. App.) 70 S. E. 28; Grand Lodge v. Orrell (Ill.) 69 N. E. 68; State v. Ottawa (Kan.) 113 Pac. 391; Ariz. E. Ry. Co. v. Matthews (Ariz.) 180 Pac. 159. Claimant was a professional man, not a laborer, nor one engaged in mechanical work as contemplated by the act.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, CLARK, and HEFNER, JJ., concur.