## RUSSELL FLOUR & FEED CO. et al. v. WALKER.

No. 21914. Opinion Filed April 14, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Moss & Powell, for respondent.

McNEILL, J. This action was commenced in this court to review an order and award of the State Industrial Commission.

The respondent, Wilbur A. Walker, was employed by the Russell Flour & Feed Company, a mercantile establishment, engaged in wholesale and retail business, in the capacity of traveling salesman and collector, whose duties required him to go from store to store to get orders for the company and collecting for same. His territory included the towns of Earlsboro, Troy, and Mounds, Okla. The respondent had just come out of one of the stores at Troy, and while walking along the streets of said town was injured by something flying off the wheel of a passing automobile which hit him in the eye, causing a complete loss of sight of that eye. The Commission found that the respondent was engaged in a hazardous employment and the respondent sustained an accidental personal injury arising out of and in the course of his employment with the petitioner, Russell Flour & Feed Company; that, as a result of a piece of gravel hitting him in the eye, he sustained a complete loss of vision to the right eye, and he was awarded compensation accordingly.

The petitioners present two propositions:

(1) The Industrial Commission had no jurisdiction to make the order in this case for the reason that claimant was not engaged in a hazardous employment subject to or controlled by the Workmen's Compensation Law, but was a traveling salesman, and not entitled to compensation.

(2) The Industrial Commission erred in finding that the claimant's injury arose "out of" his employment with the respondent.

In reference to petitioner's first proposition, as to whether or not claimant was engaged in a hazardous employment to entitle him to compensation under the Workmen's Compensation Law, it is necessary to examine the facts and circumstances surrounding the work of the respondent.

There seems to be no dispute as to the facts in this case, with the exception, however, that the respondent contends that in addition to his duties of a traveling salesman and collector he made deliveries of merchandise for the said petitioner, Russell Flour & Feed Company, from its wholesale house, in order to accommodate its customers. Such delivery work seems to have been more in the nature of incidentally

obliging and accommodating some of the customers rather than in the general line of his duty in selling his products and collecting for same.

In determining this case it becomes necessary to ascertain if the respondent was an "employee," "engaged in a hazardous employment," as those terms are defined by the Workmen's Compensation Law. The Workmen's Compensation Law is statutory, and the party who seeks to recover compensation thereunder must come within the provisions of the act; some of the provisions of the act, deleted, applicable to this case, being as follows:

Section 7283, C. O. S. 1921, as amended by the act of the Legislature, Laws 1923, ch. 61, sec. 1, provides in part:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: * * * Wholesale mercantile establishment, employees employed exclusively as clerical workers excepted. * * *"

Section 7284, Laws 1923, ch. 61, sec. 2, provides:

"1. 'Hazardous employment' shall mean manual or mechanical work or labor connected with or incident to one of the industries, plants, factories, lines, occupations or trades, mentioned in section 7283. * * * of this act, but shall not include any one engaged in agriculture, horticulture, or dairy or stock raising, or in operating any steam railroad engaged in interstate commerce. * * *

"3. 'Employer,' except when otherwise expressly stated, means a person, partnership, association, corporation, and the legal representatives, of a deceased employer, or the receiver or trustee of a person, partnership, association, or corporation, employing workmen in hazardous employments. * * *

"4. 'Employee,' means any person engaged in manual or mechanical work, in the employment of any person, firm, or corporation carrying on a business covered by the terms of this act. * * *

"15. Where several classes or kinds of work is performed, the Commission shall classify such employment, and the provisions of this act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

Under the terms of the aforesaid provisions, in this case, the petitioner, the Russell Flour & Feed Company, the employer, is engaged in employing workmen in "hazardous employments," but is the respondent, "the employee," in this so termed "hazardous employment," "engaged in manual or mechanical work" in the employ-

ment of his employer, the Russell Flour & Feed Company? And does said respondent, as employee, come within the provision of the act which provides as set forth in subdivision 15 of said act, that "the provisions of this act shall apply only to such employees as are engaged in "manual or mechanical labor of a hazardous nature"?

Webster's Unabridged Dictionary defines "manual," as:

"Of or pertaining to the hand, or hands. Done, made, or operated by, or used with the hand, or hands, as manual labor."

" 'Mechanic,' pertaining to manual labor, involving manual skill. One who practices any mechanic art, trade; one skilled or employed in shaping or uniting materials, as wood, metal, etc., into any kind of structure, machine, or any other object requiring the use of tools or other instrument."

" 'Mechanical' (as an adjective):

"1. Of, or pertaining to, or concerned with, manual labor; engaged in manual labor; of the artisan class.

"2. Of, or pertaining to, or concerned with, machinery or mechanism; made or formed by a machine or with tools; as mechanical precision; mechanical products.

" 'Laborer'; A person who does work that requires strength rather than skill, as distinguished from artisan and from the professional classes."

The following are expressions of the courts:

The term "manual labor" has been defined by the Supreme Court of Illinois in the case of Grand Lodge Brotherhood v. Orrell, 69 N. E. 68, as follows:

"The term 'manual labor,' in its ordinary and usual meaning and acceptation, means labor performed by and with the hands, or hand, and it implies the ability for such sustained exercise and use of the hands, or hand, at a labor as will enable a person thereby to earn or assist in earning a livelihood."

" 'Mechanic,' once synonymous with 'artisan,' is now commonly restricted to a workman who is skilled in constructing, repairing, or using machinery." State v. City of Ottawa, 84 Kan. 100, 113 Pac. 391; Mack v. Boots (Ariz.) 239 Pac. 795.

"In its broadest sense, a mechanic is any one who is a skilled worker with tools." Jackson v. State (Tex. Cr. Rep.) 117 S. W. 818.

The word "laborer," as follows:

"Whether an employee is a laborer * * * is generally a question of fact, dependent upon whether his duties are mainly physical or mental." Buchanan v. Echols & Nix (Ga.) 70 S. E. 28.

In the case of Arizona Eastern Railway Co. v. Mathews, 180 Pac. 159, the Supreme Court of Arizona, in considering whether a bill clerk in a railroad office, who in returning from a restaurant where he had gone to get something to eat, fell into a pit and was injured, came within the provision of the act of one who was engaged in manual or mechanical work, states:

" 'Mechanical labor' is labor performed by a mechanic or 'one who practices any mechanic art; one skilled or employed in shaping or uniting materials, as wood materials, etc., into any kind of structure, machine, or other object requiring the use of tools or other objects, an artisan.' Webster.

"Taken in connection with the context, we think, 'mechanical labor, is such skilled labor as is necessarily employed by employers in making and repairing tools and instruments used in the operation of the business. It is manual labor, but of the skilled kind. While the words 'manual labor' might be construed to mean clerical work, we do not think any such meaning attaches to them as they are used in the context. * * *

"Labor in any of the named occupations must mean actual physical contact with the dangerous instruments and means used in carrying on the business. One of the canons of interpretation of words used in a statute is that they must be taken in their common and ordinary sense, unless, from the context, it is evident some other meaning was intended. When we speak of a person doing manual labor, the mind is instantly directed to some kind of toil in which the physical predominates the mental. The words would never call to mind the office man engaged in keeping books or making out bills or statements or operating a typewriter. Even if appellee did occasionally, as an incident in his occupation as bill clerk, do manual labor in the loading and unloading of live stock and freight, it is enough to say he was not injured by any accident while so engaged."

In the case of Bound v. Lawrence, reported in 1 Queen's Bench Division, page 226 (1891) the court held as follows:

"The test of whether an employee is engaged in manual labor, within the meaning of the Employees and Workmen Act, 1875, is —whether such labour is his real and substantial employment, or whether it is incidental and accessory to such employment.

"The appellant, a grocer's assistant, whose duty it was to serve customers in a shop, had also other duties involving manual labour, such as making up parcels for customers, carrying parcels from the shop to the cart at the door, and bringing up goods from the cellar to the shop:

"Held, reversing the decision of the Queen's Bench Division, that such occupations were incidental to his real and substantial employment as a salesman, and that he was not engaged in manual labour within the meaning of the Employers and Workmen Act, 1875."

An illuminating discussion therein of manual labor, by Lord Esher, M. R., follows:

"Now, I take it that if we examine this case, it appears that the appellant was employed as a grocer's assistant in a shop, and his business was to take orders from the customers and to carry them out. In doing this he may have to shew goods, and if the customers take away the goods, he has to make up the parcels. In doing this he has to use his hands, and the question is whether that makes him a manual labourer. There can be no manual labour without user of the hands; but it does not at all follow that every user of the hands is manual labour, so as to make the person who does it a manual labourer. Now, the principal part of the appellant's employment is selling to the customers across the counter. That is his substantial employment, and if he has to do other things which involve physical exertion, we must see whether that is not incidental to his real employment. In this case I cannot doubt that that is so. The findings of fact seem to me to negative the idea that the work described was any part of his real and substantial employment. If the mere user of the hands in matters incidental to a man's employment is to constitute him a manual labourer, it would extend the act to every shop-assistant in every shop, great or small, which cannot have been the intention of the Legislature. I am of opinion, therefore, that the decision of the Queen's Bench Division, confirming that of the justices should be reversed."

Fry, L. J., stated:

"It is to be observed that it is difficult to imagine any work done by man so purely intellectual as to require no kind of work with the hands; and the converse is equally true, that there can hardly be work with the hands that requires no intellectual effort. If, then, the words, 'manual labour' are to have the full significance which could be put on them, they would be extended to every kind of employment. That cannot be the true meaning of the statute, but some more confined interpretation must be arrived at. I agree that this must be done by looking to the nature of the substantial employment, and not to matters that are incidental and accessory. The determination of what is substantial and what accessory may be a question of difficulty; but, in my view of this case, the appellant was not engaged in manual labour. In his occupation the knowledge and skill required in selling the goods to customers is more important than the manual work that he

does, and the latter is an incident of his employment."

Lopes, L. J., as follows:

"In the course of the case, I asked what shopman or shopwoman would be outside the statute, if every act performed by the hands was to make the doer of it a manual labourer. It is clear to me that if we include this appellant among the persons described in the act, we should have to include the whole class of shop-assistants whose work cannot be carried on without some user of the hands. That user may even involve considerable physical exertion; but so long as it is incidental to their employment and not the substantial object of it, they are not brought within the statute as persons engaged in manual labour."

In this case, counsel in support of the appeal made this pertinent observation:

"The appellant's real and substantial business was to attend to customers in the shop, and his employment depends on his skill in doing that work, and not on his strength for manual labour. Some sort of work with the hands is incidental to all employment. Even a chemist's assistant has to do some manual work in compounding medicines, but he certainly could not be treated as engaged in manual labour."

In the case of Mandle v. A. Steinhardt & Bro., 160 N. Y. S. 2, the Supreme Court of New York, in the syllabus, states:

"A traveling salesman, riding in a public bus while engaged in his regular occupation, was not engaged in a hazardous employment, and cannot recover under the Workmen's Compensation Law (Consol. Laws, c. 67), although his employer's business was hazardous under section 2, group 32, of the act"

—and in the body of the opinion states:

"The claimant was a traveling salesman. His employer was engaged in the manufacture of leather and other fabric novelties in New York City. The claimant occasionally visited the factory to procure samples. He was injured while riding in a public bus, * * * and was, at the time of the accident, engaged in his regular occupation of going from place to place for the purpose of selling goods.

"Under group 32 of section 2 of the Workmen's Compensation Law, the employer was engaged in a hazardous employment; but the claimant was not so engaged. The hazards incident to manufacturing leather goods in no manner menaced this claimant, riding along on the highway in a bus with other passengers. If fact, the vicissitudes of the claimant, as he journeyed from town to town, were not in the remotest degree affected by the character of the business carried on by

his employer. His perils were not increased; his safety not diminished. It is not sufficient under the statute for the employer to be engaged in a hazardous employment; the claimant must have been so engaged."

In the case of Motor Equipment Co. v. Stephens, 145 Okla. 156, 292 Pac. 63, this court, in the opinion, states:

"It seems to be settled in this jurisdiction that, in order for an employee to be entitled to compensation under the Workmen's Compensation Act, it must be shown that the employee sustained an accidental injury while in the course of his employment, and that the employee devotes a portion of her time to manual or mechanical labor of a hazardous nature, and is not an employee engaged as a clerical worker exclusively, and that the accidental injury was connected with or incident to one of the industries, plants, factories, lines, or occupations of trade mentioned in sec. 7283, and amendment thereof."

In the case of Enid Sand & Gravel Co. v. Magruder, in an opinion of this court, 148 Okla. 67, 297 Pac. 271, the first paragraph of the syllabus is as follows:

"Before an employee can claim the benefits of the Industrial Act, he must be engaged in manual or mechanical labor of a hazardous nature. (Subsection 15 of section 7284, C. O. S. 1921, as amended by the Act of 1923, ch. 61.)

In the body of the opinion, after quoting subsections 1, 4, and 15 of section 7284, supra, the court states:

"From these sections, it is clear that for one to receive the benefits of the Industrial Act, he must be engaged, not only in a hazardous employment, but in manual or mechanical work or labor. Subsection 15 specifically provides that the act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

In the case of McQuiston v. Sun Co., 134 Okla. 298, 272 Pac. 1016, this court said:

"The provisions of the Workmen's Compensation Act apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature, and do not extend to one whose sole employment is that of a traveling salesman. * * *

"Hazardous employment shall mean manual or mechanical work or labor. * * *

"15. Where several classes or kinds of work is performed, the Commission shall classify such employment, and the provisions of this act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature.

"Thus the Legislature limited the opera-

tion of the Workmen's Compensation Act to employees engaged in manual or mechanical labor of a hazardous nature, and specifically excluded certain others. Webster's definition of 'manual' and 'mechanical' forecloses application of the terms of the duties of a traveling salesman. Such a man's duties are mental rather than physical. * * *

"Claimant was a professional man, not a laborer, nor one engaged in mechanical work as contemplated by the act."

In the recent case of Oklahoma Publishing Co. v. Eddie Malloy, 146 Okla. 157, 294 Pac. 112, decided by this court on December 9, 1930, the claimant was employed by the Oklahoma Publishing Company as a traveling solicitor, going to various towns over the state soliciting orders and subscriptions for daily paper and delivering sample copies of the paper in connection with his orders and solicitation. He traveled by automobile from one town to another over the state as a member of a sales "crew" which was composed of a foreman and three solicitors. While in the performance of these duties he slipped on the sidewalk and injured his leg. and compensation was awarded him by the Commission, on the finding that he was engaged in a hazardous employment which was subject to the control of the Workmen's Compensation Act. This court held that he was not engaged in any mechanical and manual labor of a hazardous nature and was not entitled to any of the benefits of the Workmen's Compensation Act. Syllabus, paragraph 3, is as follows:

"One who goes to various towns in the state and solicits subscriptions for a daily paper and delivers sample copies of the paper in connection with his solicitations, is not engaged in manual or mechanical work or labor of a hazardous nature and does not come within the provisions of the Industrial Act."

In the opinion the court says:

"The petitioner contends that the provisions of the Workmen's Compensation Act apply only to such employees as are engaged in mechanical and manual labor of a 'hazardous' nature, and do not extend to one whose sole employment is that of a traveling salesman.

"The claimant was a traveling solicitor. He did not work in the plant of the publishing company, his work consisted of soliciting orders for the publications of the company. He delivered samples of the papers in connection with his solicitation. * * *

"Before the claimant can recover, he must show that he is engaged, first, in manual or mechanical work or labor, and, second, that such work or labor is of a hazardous nature. Whether or not the facts are such as to constitute hazardous employment is a question of law. Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 Pac. 491; Crawford v. State Industrial Commission, 111 Okla. 265, 239 Pac. 575.

"It is clear that the Legislature did not intend to include within the Industrial Act all employees of all business concerns. It was intended, however, that all employees engaged in manual or mechanical work or labor of a hazardous nature should be included. * * *

"We do not think the Legislature ever intended to include employees of this character. It is not enough to show that the employee was engaged in manual or mechanical work or labor, but it must be shown that such work or labor is of a hazardous nature as that term is used in the Industrial Act. We do not think the claimant has brought himself within this rule and the judgment of the Industrial Commission is vacated and the case remanded, with directions to dismiss the same."

The claimant was hired as a traveling salesman and collector, and, under the facts and circumstances in the case, we are of the opinion that he was not engaged in manual or mechanical labor of a hazardous nature, as provided for in section 7284, supra, and by reason thereof is not entitled to the benefits of the Workmen's Compensation Act. In view of the foregoing, it is unnecessary to discuss petitioner's proposition No. 2.

The award is hereby set aside.

CULLISON, SWINDALL, ANDREWS (concurring in conclusion), and KORNEGAY, JJ., concur.

LESTER. C. J., not participating.

CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.