F. E. NORTHWAY, Inc., v. TRYON et al.

No. 23606. Opinion Filed April 25, 1933.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., Floyd C. Dooley, and B. B. Kerr, for respondents.

McNEILL, J. Petitioners seek to review an order and award of the State Industrial Commission rendered adversely to them on April 7, 1932. F. E. Northway, Inc., petitioner herein, was engaged in the general automobile business, repairing and selling new and second-hand Ford cars in Oklahoma county. Said petitioner used a vacant lot or yard where it kept its second-hand cars for sale, which lot immediately adjoined its garage, which was also used in servicing the second-hand cars. On September 1, 1931, respondent, while in the course of his employment in cranking a car, sustained a rupture.

The only question presented by this record is whether or not respondent is entitled to an award for compensation. It is the contention of petitioners that respondent was not engaged in a hazardous occupation subject to and covered by the Workmen's Compensation Law. It does not appear that respondent performed any other duties except as a salesman for petitioner. In the performance of those duties, he was required to start, demonstrate, and sell cars. There is nothing in the record to indicate that he performed any mechanical work on these cars, or used the garage wherein power-driven machinery was employed. On the other hand, it is urged by respondent that the cranking of cars in the performance of his duty was employment in a workshop where power-driven machinery was employed, and that such manual work brings him within the provisions of the Workmen's Compensation Law. The workshop or repair shop for automobiles, wherein power-driven machinery is employed, comes within the provis-

ions of the Workmen's Compensation Law, but respondent did not work in the mechanical part of petitioner's workshop or repair shop. The statute defines "workshop" as follows:

"'Workshop' means any premises, yard, plant, room or place wherein power-driven machinery is employed and manual or mechanical labor is exercised, etc." Section 7284, C. O. S. 1921 [O. S. 1931, sec. 13360].

There was in the yard where respondent was obliged to work in cranking and displaying automobiles no power-driven machinery, except the engines in the cars. These engines were not used by petitioners in any way in the furtherance of any business of petitioners, except for the purpose of displaying and propelling the cars.

We have heretofore held that the driving of an automobile is not regarded as a hazardous occupation as contemplated by the Workmen's Compensation Law, and that a collector injured while driving a Ford automobile in the course of his employment is not entitled to an award. See Crawford v. State Industrial Comm., 111 Okla. 265, 239 P. 575; McQuiston v. Sun Oil Co., 134 Okla. 298, 272 P. 1016; Russell Flour & Feed Co. v. Walker, 148 Okla. 164, 298 P. 291. As we view this record, respondent does not bring his employment within the facts to constitute a hazardous employment as provided by the Workmen's Compensation Law.

Award vacated and cause remanded, with directions to dismiss the claim of respondent.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, OSBORN, BAYLESS, and BUSBY, JJ., concur. SWINDALL and WELCH, JJ., absent.