## CHOCTAW COTTON OIL CO. et al. v. HALL et al.

No. 24033.    Opinion Filed May 9, 1933.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

R. D. Slee and Brunson, Kemp & Kemp, for respondents.

BAYLESS, J.  This is an original proceeding brought in this court to review an award of the State Industrial Commission.

Ben Lindsey, of Ada, Okla., had a contractual arrangement with the Choctaw Cotton Oil Company to haul cotton seed for it from Ada, Okla., to Shawnee, Okla., at a price of $1.75 per ton.  Ben Lindsey entered into an oral contract with Jess Crabtree, the owner of a truck, to haul this cotton seed for $1.50 per ton.  Jess Crabtree employed the claimant, J. W. Hall, to work on this truck while hauling the cotton seed.  While so employed, Hall was accidently injured.

The Commission found that the Choctaw Cotton Oil Company had such a contract with Ben Lindsey, and he was its contractor; that Jess Crabtree was the subcontractor of Ben Lindsey; that J. W. Hall, the injured employee, was engaged in a hazardous occupation covered by the Workmen's Compensation Law; that Crabtree and Lindsey were primarily liable to him; that the Choctaw Cotton Oil Company had permitted its contractor and his subcontractor to operate without procuring compensation insurance for their employees, and, therefore, it was secondarily liable to the claimant.

The Choctaw Cotton Oil Company and its insurance carrier appealed from the award, and we will notice only one of the assignments of error, because it is decisive of the case.  Appellants' contention is:

"The Commission had no jurisdiction to enter the order for the reason that claimant's employment was not covered by the Workmen's Compensation Law."

With this contention, we agree.  We have held in Gypsy Oil Co. v. Keys, 147 Okla. 148, 295 P. 612, as follows:

"Section 7283, C. O. S. 1921, as amended by section 1, ch. 61, Session Laws 1923, enumerates and designates the classes of industries and business enterprises which come within the meaning of the Workmen's Compensation Law.

"Owners or operators of motor trucks hauling property for the public for compensation and authorized to operate as 'motor carriers' under class B permits granted by the Corporation Commission under chapter 253, Session Laws 1929 (Sp. Sess.), do not come within the meaning of the industries and business enterprises covered by the Workmen's Compensation Law.

"Term 'transfer and storage' in provision for compensation in designated employments does not include 'motor carriers'."

This same matter was later considered, and the same rule announced in the cases of Brinks Express Co. v. Foster, 154 Okla. 255, 7 P. (2d) 142, and Barr v. Burrus, 156 Okla. 137, 9 P. (2d) 924.

The facts of this case bring it squarely within the rule so announced, and, because the employment of the injured employee was not a hazardous occupation covered by the Workmen's Compensation Law, the award of the Commission must be and is vacated.

CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, and WELCH, JJ., concur. RILEY, C. J., and SWINDALL and BUSBY, JJ., absent.