## PADFIELD v. ATLAS SUPPLY CO. et al.

### No. 24715.   Feb. 20, 1934.

Kelly Brown, for petitioner.

C. A. Ambrister, for respondent and insurance carrier.

BUSBY, J. This is an original proceeding instituted in this court for the purpose of vacating an order and decision of the State Industrial Commission.

The petitioner (claimant before the Commission) suffered an accidental personal injury on January 20, 1931. At the time of his injury the claimant was employed by the respondent, Atlas Supply Company, a wholesale mercantile establishment. He was driving his car along the highway "to call on a customer for the sale of plumbing material" (quotation from petitioner's testimony). In meeting another car he was forced off the highway into the bar ditch resulting in an accidental injury to his left eye.

The respondent and insurance carrier voluntarily paid petitioner compensation in the sum of $66 for temporary total disability. A, stipulation and receipt on form 7 reciting the payment of such compensation was filed with the Industrial Commission on March 12, 1931, and approved by order of that board on March 17, 1931. In the order of approval the determination of the existence or nonexistence of permanent disability was reserved for future consideration.

On February 11, 1933, the claimant filed with the Commission a written application to determine the extent of his disability. At the subsequent hearing on April 10, 1932, the respondents denied liability on the theory that the claimant was a traveling salesman at the time of the accidental injury, and was not engaged in one of those hazardous occupations falling within the terms of the Workmen's Compensation Act. A jurisdictional question was thus presented to the State Industrial Commission. In the previous proceedings by which the stipulation and receipt on form 7 had been approved, there had been no agreement, admission, or evidence that claimant's duties were other than those of salesman, the question of fact upon which the jurisdiction of the Commission depended. Neither was it recited in the stipulation that the employer was a wholesale mercantile establishment. The jurisdictional question was therefore open to inquiry on the subsequent hearing. Tulsa Terminal Storage & Transfer Co. v. Thomas, 162 Okla. 5, 18 P. (2d) 891; Hardy Sanitarium v. DeHart, 164 Okla. 29, 22 P. (2d) 379; Great Atlantic & Pac. Tea Co. v. McHan, 162 Okla. 8, 18 P. (2d) 875; Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. (2d) 141.

After hearing the testimony offered by the respective parties, the Commission found that at the time the accidental injury was sustained by the plaintiff he was employed as a traveling salesman. In accordance with this finding, an order denying jurisdiction and dismissing the case was entered. The petitioner requests the court to vacate that order.

By reason of the nature of the services which they render, traveling salesmen do not fall within the provisions of the Workmen's Compensation Act. McQuiston v. Sun Co., 134 Okla. 298; 272 P. 1016; Oklahoma Publishing Co. v. Molloy et al., 146 Okla. 157, 204 P. 112; Russell Flower & Feed Co. v. Walker, 148 Okla. 164, 298 P. 291, unless, in connection with and in addition to the services ordinarily rendered by traveling salesmen, other services are performed of a hazardous character. Motor Equipment Co. v. Stephens, 145 Okla. 156, 292 P. 63. Petitioner asserts that he performed other services of a hazardous character, thus falling within the rule announced in the latter case.

According to his testimony he delivered merchandise occasionally to customers or brought back unsatisfactory merchandise. This was insufficient to render his occupation hazardous within the meaning of the Compensation Act. Russell Flour & Feed Co. v. Walker, supra.

Petitioner had worked for the respondent for a number of years. Occasionally, in the course of his employment, he spent short intervals of time at various branch stores in taking inventories or in doing work around the store. The fact that during a part of the year or at intervals the claimant stepped aside from his duties as traveling salesman, and performed services which might be classified as hazardous under the Compensation Act, does not entitle him to compensation for an injury received while he was engaged in the performance of duties in connection with a nonhazardous occupation. Jones & Spicer v. McDonnell, 164 Okla. 226, 23 P. (2d) 701.

A careful review of petitioner's testimony discloses that while he was evasive in answering questions concerning the nature of his occupation and the duties performed by him, he ultimately, though with apparent reluctance, testified to facts which disclosed he was in fact a traveling salesman. Other testimony in the record clearly supports the finding of the Commission that claimant was a traveling salesman. The record does not support the claim that other services were rendered in connection with his duties as salesman which rendered his occupation hazardous. Therefore, the decision of the Commission is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, SWINDALL, and OSBORN, JJ., concur.