## ADA MILLING CO. et al. v. DROKE et al.

No. 25291. April 10, 1934.

Pierce, Follens & Rucker, for petitioners.

R. Donald Slee, for respondents.

CULLISON, V. C. J. This is an original proceeding before this court by Ada Milling Company and its insurnace carrier, Lumberman's Mutual Casualty Company, petitioners herein, to review an award of the State Industrial Commission made and entered December 7, 1933, in favor of W. A. Droke, claimant.

The transcript of the record discloses that on July 10, 1933, claimant, Droke, suffered a broken forearm while working for the milling company. The accident was caused when the company automobile, which claimant was driving from one town to another taking orders as salesman for the company, turned over on the public highway. Claimant filed a statement with the Commission in which he stated:

"The day I was injured, Monday, July 10, I was out taking orders for the mill's products for the next day's delivery."

Pursuant to a hearing had October 5, 1933, the Commission entered its order of October 13, 1933, dismissing the case for want of jurisdiction. Quoting from the order:

"That on July 10, 1933, claimant suffered

a broken arm when the car which he was driving turned over; that at the time of said accidental injury, claimant was acting in the capacity of a traveling salesman for respondent.

"Upon consideration of the foregoing facts; The Commission is of the opinion that it has no jurisdiction to hear and determine this cause, and that the same should be dismissed for want of jurisdiction.

"It is therefore ordered: That the above entitled cause be, and the same is hereby dismissed for want of jurisdiction."

Thereafter, on motion of claimant and oral argument had thereon, the Commission set aside the former order, and on December 7, 1933, entered the order awarding claimant compensation, which is made the subject of this proceeding to review.

Said award found that claimant was injured while working for petitioner in a hazardous occupation within the meaning of the Workmen's Compensation Act, "when car turned over fracturing the left arm below the elbow," and awarded compensation for temporary total disability at the rate of $11.54 per week for 21 weeks, or $242.34 accrued to December 9, 1933, and to continue the weekly payments during the continuance of temporary total disability or until otherwise ordered by the Commission, and that petitioners pay the reasonable and necessary medical expenditures incurred by claimant and furnish claimant any further necessary and reasonable medical treatment.

Petitioners allege that said order is illegal and contrary to law, and contend that the State Industrial Commission committed error in finding that any of the disability herein resulted from the alleged accident of July 10, 1933, when the evidence introduced at the hearings involved does not show any competent evidence proving an accidental injury occurring in a hazardous occupation within the meaning of the Compensation Act.

This court held, in McQuiston v. Sun Company, 134 Okla. 298, 272 P. 1016:

"Thus the Legislature limited the operation of the Workmen's Compensation Act to employees engaged in manual or mechanical labor of a hazardous nature, and specifically ex luded certain others. Webster's definition of 'manual' and 'mechanical' foreclose application of the terms to the duties of a traveling salesman. Such a man's duties are mental rather than physical."

In the case of Russell Flour & Feed Co. v. Walker, 148 Okla. 164, 298 P. 291, the court said, quoting from Oklahoma Pub. Co. v. Union Ind. Co., 146 Okla. 157, 294 P. 112:

"'Before the claimant can recover, he must show that he is engaged, first, in manual or mechanical work or labor, and, second, that such work or labor is of a hazardous nature. Whether or not the facts are such as to constitute hazardous employment is a question of law. Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 P. 491; Crawford v. State Industrial Commission et al., 111 Okla. 265, 239 P. 575'."

It appears that the greater portion of claimant's working time his duties were those of a salesman. The undisputed testimony is that on Saturday he worked at the warehouse if there was work there for him to do. The hazard incident to his work in the warehouse in no manner menaced this claimant, driving along on the highway in the company car. In fact, the vicissitudes of the claimant, as he journeyed from town to town, were not in the remotest degree affected by the character of the work done by him for his employer on Saturdays spent in the warehouse. His perils were not increased; his safety not diminished. It is not sufficient under the statute for a portion of the employer's business to be hazardous; the claimant must have been engaged in some such portion of the business at the time of the accident.

In the Crawford Case, cited by the court in the Russell Case, supra, it was said:

"And while driving a Ford automobile might be regarded as a hazardous occupation, it is not included in the statutes wherein the various occupations are mentioned which are declared to be hazardous by the Legislature, and until the Legislature speaks on this subject we shall refrain from so declaring it. * * *"

There is no dispute or controversy as to the facts in this case, and it is purely a question of law; hence, this court is not bound by the findings of the State Industrial Commission, and we find that the injury complained of, or the accident resulting in the injury in the first instance, does not come within the provisions of the statute as a hazardous employment or occupation.

The first order by the Commission denying its jurisdiction was correct. The order appealed from, awarding claimant compensation, should be, and the same is hereby, set aside, with direction to dismiss the action.

SWINDALL, ANDREWS, McNEILL, OSBORN, and BAYLESS, JJ., concur. RILEY, C. J., and BUSBY and WELCH, JJ. absent.