## R. J. REYNOLDS TOBACCO CO. et al. v. HOWSER et al.

No. 26651. March 31, 1936.

Clayton B. Pierce and Truman B. Rucker, for petitioners.

Rodolf, Houston & Davis, for respondents.

CORN, J. The claimant was employed by the R. J. Reynolds Tobacco Company as a salesman, and while filling some cigarette lighters which were to be given away with certain goods as premiums, the lighter fuel caught on fire and claimant sustained injuries by being burned. The Industrial Commission awarded the claimant $132 compensation for temporary disability, withholding any decision as to whether he had sustained any permanent disability. The employer and insurance carrier bring an original action in this court for a review of said award.

It is contended that the Industrial Commission was without jurisdiction, since the claimant was not engaged in an occupation covered by the Workmen's Compensation Law.

Section 13349, O. S. 1931, designates the kinds of business or employment covered by the provisions of the Workmen's Compensation Act, and clearly the employment engaged in by claimant does not come within the provision of the act.

Where the employment in which an injured employee is injured is not listed as a hazardous employment under section 13349, O. S. 1931, and said injured employee does not bring his employment within the facts to constitute a hazardous employment as the term is defined in section 13350, O. S. 1931, there is no basis for an award for compensation under the Workmen's Compensation Law.

In F. E. Northway, Inc., v. Tryon et al., 163 Okla. 159, 21 P. (2d) 501, this court held, as stated in paragraph 2 of the syllabus, as follows:

"Where an employee, whose duties were those of a general salesman, requiring him to start, demonstrate, and sell automobiles for an automobile company engaged in the general automobile business, handling first and second-hand cars, and maintaining a garage for servicing said cars, received an injury while cranking one of the cars in the performance of his duties, held, such employee does not bring himself within the facts to constitute a hazardous employment as provided by Workmen's Compensation Law."

Also see Crawford v. State Industrial Comm., 111 Okla. 265, 239 P. 575; McQuiston v. Sun Co., 134 Okla. 298, 272 P. 1016; Russell Flour & Feed Co. v. Walker, 148 Okla. 164, 298 P. 291.

The award should be, and is, set aside and the judgment of the Industrial Commission reversed.

McNEILL. C. J., and BAYLESS, WELCH, and GIBSON, JJ., concur.