### WILSON-BOWERS CHEVROLET CO. et al. v. HARRIS et al.

No. 26455.    Oct. 6, 1936.

B. M. Parmenter and Harlan Grimes, for plaintiffs in error.

Clay Snodgrass, for defendant in error Virgil Harris.

Mac Q. Williamson, Atty. Gen., and Houston W. Reeves, Asst. Atty. Gen., for defendant in error State Industrial Commission.

McNEILL, C. J. This is an original proceeding for the review of an award of the State Industrial Commission.

On May 31, 1935, the Industrial Commission found that the respondent, Virgil Harris, was in the employment of Wilson-Bowers Chevrolet Company and engaged in a hazardous occupation, subject to the Workmen's Compensation Law, and that he sustained an accidental injury arising out of and in the course of his employment, consisting of a hernia. The commission awarded him compensation for eight weeks,

582

amounting to $133.84, and the cost of an operation to cure said hernia.

Petitioners, the employer and insurance carrier, contend that the employment of respondent does not come within the provisions of the Workmen's Compensation Law.

It appears that respondent was employed as a salesman in selling new and used cars. While respondent was displaying a car the battery failed to work, and instead of calling for a mechanic he cranked the car and sustained the hernia in question. The garage in which the respondent was working did maintain a repair and workshop, but it was no part of the respondent's duties to do mechanical work in the repair shop. A salesman at various times would do some minor mechanical work, such as adjusting carburetors, or cleaning spark plugs, while in performance of his duties as a salesman as an incident in his work and this would include the starting of a car when a battery was down or when the starter would give trouble, but the repair duties were to be performed by workmen in the shop. These minor adjustments by the salesmen were performed more as an incident in their work and for their own convenience in trying to make a sale, and we are of the opinion that the facts do not bring this case within the purview of hazardous employment as contemplated by the Workmen's Compensation Law. C. O. S. 1921, sec. 7284, as amended by Laws 1923, ch. 61, sec. 2.

This case is controlled by F. E. Northway, Inc., v. Tryon, 163 Okla. 159, 21 P. (2d) 501. The principle involved herein is substantially the same.

Award is vacated and set aside.

BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.