## PEMBERTON BAKERY v. STATE IN- DUSTRIAL COMMISSION et al.

No. 27422.    June 15, 1937.

Rehearing Denied July 13, 1937.

Keaton, Wells, Johnston & Barnes and G. T. Ralls, for petitioner.

Waldrep & Skinner and R. H. Mills, for respondents.

RILEY, J.  It is the view of this court that wholesale establishments are included in hazardous employments under the statute regarding Workmen's Compensation (sections 13349-13350, O. S. 1931). The delivery of merchandise from wholesale establishments is an incidental part of the business so embraced within the Workmen's Compensation Law.  The work of a deliveryman is hazardous by force of statute. Therefore, irrespective of decisions relied upon (Choctaw Cotton Oil Co. v. Hall, 163 Okla. 288, 21 P. (2d) 1059; Padfield v. Atlas Supply Co., 167 Okla. 364, 29 P. (2d) 958; Clinton Cotton Oil Co. v. Holdman, 174 Okla. 423, 50 P. (2d) 732; City of Duncan v. Ray, 164 Okla. 205, 23 P. (2d) 694; Southwestern Cotton Oil Co. v. Spurlock, 166 Okla. 97, 26 P. (2d) 405; McQuiston v.

Sun Co., 134 Okla. 298, 272 P. 1016; Russell Flour & Feed Co. v. Walker, 148 Okla. 164, 298 P. 291; Beatrice Creamery v. State Ind. Com., 174 Okla. 101, 49 P. (2d) 1049), which have had a tendency to break down into integral parts, businesses embraced within the act, this court is of the opinion that a liberal construction must be given the remedial legislation.  It is for the court to interpret the law, not to make it.

Under the rule announced in Wilson & Co., Inc., v. Musgrave, 180 Okla. 246, 68 P. (2d) 846, the work of an employee performed as an integral part of a business covered by the Workmen's Compensation Act, at another place from the principal business, falls within the provisions of the act.

"When the work of an' employee is manual or mechanical and is connected with, incident to. and an integral part of business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law, such employee is both protected and bound by the provisions of said act notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous."

An award was made in this case because of an injury arising out of and in the course of hazardous employment wherein a deliveryman working for a wholesale establishment was injured in the street traffic.

The award must be, and the same is, sustained.

OSBORN, C. J., and WELCH, CORN, PHELPS, and HURST, JJ., concur.  BAYLESS, V. C. J., and GIBSON, J., dissent. BUSBY, J., absent.