## NEW STATE ICE CO. et al. v. SIMMONS et al.

No. 28275.    May 17, 1938.

Rehearing Denied June 21, 1938.

Application for Leave to File Second Petition for Rehearing Denied Sept. 13, 1938.

T. A. Aggas, for petitioners.

W. P. Morrison, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by New State Ice Company and its insurance carrier, hereafter referred to as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of N. A. Simmons, hereafter referred to as respondent.

The facts are not in dispute. The petitioner New State Ice Company was engaged in manufacturing and in the operation of a wholesale mercantile establishment; employment of workmen therein is admittedly hazardous under the Workmen's Compensation Law of this state. The respondent, while in the employ of said petitioner, was injured as the result of an automobile wreck. The petitioner furnished medical attention and returned the respondent to work at the same salary. The respondent in his first notice of injury and claim for compensation filed with the State Industrial Commission gave his occupation as that of salesman, collector, service man, and demonstrator for the ice cream department. The employer in its first notice of injury gave respondent's occupation as that of a salesman. The petitioners challenged jurisdiction of the Industrial Commission to make any award in the premises. At the hearings held by the Industrial Commission to determine the extent and nature of the respondent's disability, the respondent testified with respect to his duties and stated that, in addition to making sales of his company's products, he also was engaged to do numerous other duties chiefly of a manual and mechanical nature, including assisting in the manufacturing process at times and in designing and erecting displays and other advertising matter and in arranging and occasionally delivering some of the company's product. Lawrence Volker, manager of the petitioner New State Ice Company, corroborated the testimony of the respondent regarding the nature of his duties, and further testified that he had classi-fied the respondent on the same basis as the other employees of the company who were operating in the manufacturing portion of the petitioner's business, and had paid the same premium on insurance for the protection of the respondent as he had for those of other employees of the petitioner. The State Industrial Commission overruled the demurrer to the evidence which was interposed by the petitioners and awarded respondent compensation for the period for temporary total disability. The parties concede that if the commission had jurisdiction to enter any award, the award entered was a proper one. It is the contention of the petitioners, however, that:

"The commission did not have jurisdiction to enter any order or award in this matter for the reason that the claim showed on its face and the evidence disclosed that the employment of claimant at the time of the injury was not covered by nor within contemplation of the Workmen's Compensation Act of the state of Oklahoma, and that claimant was not engaged in a hazardous employment as defined by said act."

In support of this contention the petitioners urge that under the evidence the respondent was nothing more nor less than a salesman, and therefore was excluded from the benefits of the Workmen's Compensation Act under the rule heretofore announced by this court in the cases of F. E. Northway, Inc., v. Tryon, 163 Okla. 159, 21 P.2d 501; Padfield v. Atlas Supply Co., 167 Okla. 364, 29 P.2d 958; Ada Milling Co. v. Droke, 168 Okla. 13, 31 P.2d 883; Russell Flour & Feed Co. v. Walker, 148 Okla. 164, 298 P. 291, and similar cases. We do not agree with this contention. The facts here involved present an entirely different situation. We find, as above stated, that the manager of the petitioner New State Ice Company corroborated the claim of the respondent to the effect that his duties were not confined to those of a salesman, but included others of a manual and mechanical nature, and which predominated in the work performed by the respondent, and we further find in this connection that the respondent's employer had classified and insured him as an ordinary workman in the plant. Under these circumstances, the rule to be applied is that heretofore announced by this court in the cases of H. J. Heinz Co. v. Woods, 181 Okla. 389, 74 P.2d 353; Continental Baking Co. v. Campbell, 176 Okla. 218, 55 P.2d 114; Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P.2d 846; Pemberton Bakery v. State Industrial Commission, 180 Okla. 446, 70 P.2d 98. We deem

it unnecessary to repeat at length what has heretofore been said in the above cases. The contention of the petitioners is not sustained by the record, and there being no other error alleged, the award should not, and will not, be disturbed.

Award sustained.

BAYLESS, V. C. J., and WELCH, PHELPS, GIBSON, and HURST, JJ., concur.