## OKLAHOMA POWER & WATER CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 28325.   Jan. 24, 1939.

Rehearing Denied Feb. 21, 1939.

Application for Leave to File Second Petition for Rehearing Denied March 14, 1939.

E. J. Doerner and Harold Stuart, for petitioner.

Floyd B. Freeman and Owen & Owen, for respondent Cannon.

Mac Q. Williamson, Atty. Gen., for respondent State Industrial Commission.

OSBORN, J. This is an original action in this court instituted by the Oklahoma Power & Water Company, hereinafter referred to as petitioner, to obtain a review of an award made by the State Industrial Commission in favor of W. M. Cannon, hereinafter referred to as respondent.

In this action the petitioner challenges the jurisdiction of the commission to make an award for the reason that the employment of respondent is not covered by the Workmen's Compensation Law.

It appears that petitioner is a public utility engaged in furnishing water to the city of Sand Springs and the immediate vicinity; that said water is impounded in a reservoir known as Shell Creek Dam. "Waterworks" is defined as hazardous employment by section 13349, O. S. 1931. It appears that in addition to the furnishing of water the petitioner likewise operates certain recreational facilities at the reservoir; that for a fee it permits fishing and boating in and upon the reservoir; that it operates picnic or camp grounds adjacent thereto which are open to the public. In order to secure a supply of fish for the reservoir, petitioner operates a number of brooder ponds located a short distance south of the reservoir. It is shown that small fish are placed in these brooder ponds and when they reach a certain size are transferred to the reservoir. The ponds are not physically connected with the reservoir, but water is pumped from the reservoir to the brooder ponds by use of a small electric motor.

Respondent's employment is characterized by petitioner as that of a "handy man." Respondent's testimony regarding his employment is as follows:

"A. I was taking care of the public at the boathouse, selling permits and renting

out boats and patrolling the lake with an outboard motor we had there and I pumped water for the cabins and five brooder ponds and at the end of the season transferred those game fish out of the brooder ponds into the main part of the reservoir."

Respondent testified that the purpose in patrolling the reservoir was to see that persons did not pollute the water and that no one fished without a permit to do so. In addition thereto, as a part of his regular duties, respondent assisted in placing blue vitriol in the water, at certain intervals, for the purpose of cleaning the algae or moss from the water.

It is shown that respondent was injured while engaged in manual labor in cleaning out one of the brooder ponds; that while dumping a wheelbarrow, his foot slipped and he sustained an injury to his back.

It is the theory of petitioner that, while its principal business is that of operating a waterworks, which is covered by the Workmen's Compensation Law, the business of cultivating or raising game fish for profit is a collateral business to the operation of the waterworks, or is a nonhazardous branch or department of said business, and that, since the injury to respondent occurred while he was engaged in the performance of duties connected with, or incident to, the propagation or cultivation of game fish, the injury is not compensable under the Workmen's Compensation Law.

It is now well settled that it is not sufficient to show that the employer is primarily engaged in a hazardous business, but it must appear that the employee at the time of his injury was engaged in a branch or department of such business which is defined as hazardous by the Workmen's Compensation Law. See Choctaw Cotton Oil Co. v. Hall, 163 Okla. 288, 21 P.2d 1059; Padfield v. Atlas Supply Co., 167 Okla. 364, 29 P.2d 958; Clinton Cotton Oil Co. v. Holdman, 174 Okla. 423, 50 P.2d 732; City of Duncan v. Ray, 164 Okla. 205, 23 P.2d 694; Southwestern Cotton Oil Co. v. Spurlock, 166 Okla. 97, 26 P.2d 405; McQuiston v. Sun Co., 134 Okla. 298, 272 P. 1016; Russell Flour & Feed Co. v. Walker, 148 Okla. 164, 298 P. 291; Beatrice Creamery Co. v. State Industrial Com., 174 Okla. 101, 49 P. 1094.

The employer may conduct different departments of business, some of which are within the provisions of the act and some of which are not within the provisions of the act. Leeway Stage Lines v. Simmons, 166 Okla. 203, 26 P.2d 905; Crown Drug Co. v. Hofstrom, 158 Okla. 27, 12 P.2d 519.

In the case of Wilson & Company v. Musgrave, 180 Okla. 246, 68 P.2d 846, it was held:

"When the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of, a business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law, such employee is both protected and bound by the provisions of said act, notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous."

It was pointed out in the body of the opinion that in order to invoke the rule providing for the division of a business into hazardous and nonhazardous departments, the division must be real and not superficial or fictitious. Therein we said:

"If the employments are separate and distinct and not merely for the purpose of convenience in the operation of business, then there exists a true division, and the rights of the employees in such division and the liability of the employer are governed by the particular type of employment involved. If, however, the employment is for a single and entire purpose, the mere fact that different individual departments and divisions may have different functions to perform, some of which by reason of their location or nature are not inherently hazardous, does not constitute them any less an integral part of the whole. * * *"

It is clear that the right of respondent to compensation is not dependent upon the exact nature of the duties which he was performing at the time of the injury. McGeorge Corporation v. Industrial Commission, 180 Okla. 346, 69 P.2d 320. In order to determine whether or not respondent is entitled to compensation, it is only necessary to determine whether or not his general employment was covered by the Workmen's Compensation Law. It is conceded that there were two branches or departments in the business of petitioner, that of furnishing water to the city of Sand Springs and of furnishing recreational facilities to the general public. Respondent's duties of selling tickets and permits to fish and of pumping water from the reservoir into the brooder ponds and cabins might be classified as relating solely to the nonhazardous department of the business. The same is not true of respondent's regular duty of patrolling the reservoir in a motorboat, for this was for the purpose of preventing persons from polluting the water and thereby rendering it unfit for human consumption, and in addition to see that no one fished therein without a permit to do so. Said duties related to the hazardous as well as the nonhazardous department of the business. The same is true regarding respondent's duties of placing chemicals in the water. It therefore cannot be said that respondent's work is not connected with, incident to and an integral part of, a business or industry enu-

merated in and defined as hazardous by the Workmen's Compensation Law.

Award sustained.

RILEY, CORN, HURST, and DAVISON, JJ., concur. BAYLESS, C. J., and GIBSON and DANNER, JJ., dissent. Welch, V. C. J., absent.