ANTHONY MOTOR CO. et al. v. FERGUSON et al.

No. 29957.   March 4, 1941.

*110 P. 2d 1111.*

Butler & Rinehart, of Oklahoma City, for petitioners.

Rosser & Rosser, of Muskogee, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Anthony Motor Company, hereinafter referred to as petitioner, and its insurance carrier, to obtain a review of an award which was made by the State Industrial Commission in favor of Walter Scott Ferguson, hereinafter referred to as respondent.

There is no serious dispute over the facts. On January 21, 1940, the respondent, while in the employ of the petitioner, sustained an accidental personal injury while assisting a mechanic by pouring gasoline in a carburetor. The motor caught fire and respondent was severely burned. The nature and extent of the injury and disability are not in issue here. The respondent was employed primarily as a salesman, but also performed other duties as occasion demanded, consisting of changing tires, cleaning spark plugs,

washing and greasing cars, sanding cars preparatory to painting, changing bulbs and fan belts, cleaning out the garage and in general doing whatever he was requested to do and which he was capable of performing, although he was not a skilled mechanic. The petitioner contends that, since respondent was primarily employed as a salesman and only occasionally and incidentally performed manual or mechanical work or labor, therefore the rule applicable to salesmen as announced in McQuiston v. Sun Co., 134 Okla. 298, 272 P. 1016; Oklahoma Publishing Co. v. Molloy, 146 Okla. 157, 294 P. 112; Russell Flour & Feed Co. v. Walker, 148 Okla. 164, 298 P. 291; Northway, Inc., v. Tyron, 163 Okla. 159, 21 P. 2d 501; Padfield v. Atlas Supply Co., 167 Okla. 364, 29 P. 2d 958; Ada Milling Co. v. Droke, 168 Okla. 13, 31 P. 2d 883, is controlling and should have been applied, and the State Industrial Commission should have declined to assume jurisdiction for such reason. We are unable to agree with this contention. Respondent was employed in an admittedly hazardous employment, and while his duties were chiefly those of a salesman, they were not exclusively clerical, but were partly manual and mechanical.

The protection afforded by the act extends to all employees engaged in the employments enumerated in section 13349, O. S. 1931, 85 Okla. St. Ann. § 2, except employees engaged exclusively as clerical workers, subd. 1, section 13350, O. S. 1931, 85 Okla. St. Ann. § 3, subd. 1, and this court has repeatedly held that, where the duties of the employee are partly clerical and partly manual or mechanical, such employee is within the protection of the act even though his duties may be for the most part of a purely clerical nature. New State Ice Co. v. Simmons, 183 Okla. 316, 82 P. 2d 302; Heinz Co. v. Wood, 181 Okla. 389, 74 P. 2d 353; Pawnee Ice Cream Co. v. Price, 164 Okla. 120, 23 P. 2d 168.

The rule is that where an injury is sustained in a compensable employment by an employee whose duties are not confined to clerical work exclusively and an injury results from a hazard incident to such employment, then the employee comes within the protection of the act irrespective of whether the particular work being done at the time of injury is hazardous or nonhazardous. Skelly Oil Co. v. Pearce, 185 Okla. 479, 94 P. 2d 224; Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P. 2d 846. Under the record here presented, it appears that the respondent was employed in a business which is declared to be hazardous by statute, that his duties were not exclusively clerical, were partly manual and mechanical, and that he was injured in the performance of a duty incident to and connected with the hazardous business of his employer and that his injury arose out of and in the course of his employment. Such being the case, respondent came within the protection of the statute, and the State Industrial Commission had jurisdiction to make the award which it did. The sole contention made presents no error, and therefore the award is sustained.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.