289 P.2d 649 (1955)
In the Matter of the Death of Thomas Albert FOREE.
BLACK, SIVALLS & BRYSON, Inc., Petitioner,
v.
Frances M.H. FOREE, Administratrix, and State Industrial Commission, Respondents.
No. 36599.
Supreme Court of Oklahoma.
July 19, 1955.
Rehearing Denied November 8, 1955.
Withington, Shirk, Nichols & Clifford, Oklahoma City, for petitioner.
George E. Fisher, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.
Covington & Donovan, Tulsa, amicus curiae.
BLACKBIRD, Justice.
In this case it appears that on October 8, 1953, Thomas Albert Foree, while in the *650 employ of Black, Sivalls and Bryson, Inc., hereinafter referred to as petitioner, sustained an accidental injury arising out of, and in the course of, his employment, resulting in his death.
Thereafter, Frances M.H. Foree, surviving widow of deceased, was duly appointed administratrix of his estate and on January 29, 1954, filed a claim for compensation in her behalf as an individual and, in behalf of her two minor daughters, to recover compensation against petitioner under the Death Benefit Provision of the Workmen's Compensation Law, Tit. 85 O.S. 1951 § 22, subd. 7.
At the close of the evidence, the trial commissioner found, in substance: that on October 8, 1953, Thomas Albert Foree, while in the employ of petitioner sustained an accidental injury arising out of and in the course of his employment, resulting in his death; that he came to his death as the result of an automobile accident when he drove his automobile against a bridge abutment; that deceased left surviving him as his sole dependent heirs Frances Foree, his wife, Margaret Ann and Frances Elizabeth, minor daughters; that Frances Foree is the duly qualified and acting administratrix of the estate of deceased and that by reason of the accidental injury sustained by Thomas Albert Foree, resulting in his death, his dependent heirs are entitled to recover compensation against petitioner in the sum of $13,500 to be distributed as stated in the findings. In accord with these findings, the Commissioner entered an award that was sustained on appeal to the Commission en banc.
Petitioner herein seeks a review of said award, contending that it is not supported by the evidence and is contrary to law.
The evidence shows that petitioner is and was, at the time of the accident, engaged in the manufacture and sale of certain oil field equipment. It maintained separate and distinct divisions of such business, one for manufacturing, the other for sales. Mr. Foree, now deceased, was employed in the manufacturing division.
The plant manager testified, in substance, that Foree was manager of the "Production Control Department", which was a part of the manufacturing division, and had the responsibility of scheduling production through the shops or plants; that Foree was in charge of that department in October, 1953, until the time of his death, with about ten employees under him; that said employees were classified in manufacturing as "Production Planners"; that Production Control comes "into the picture" after the engineering department has done its work and the Inventory Control has checked available materials and the job is ready to be released for fabrication; that Production Control is normally furnished with the estimated man hours required to build a job, as well as the required delivery date, by the Estimating Department; that the process did not require the head of the department, or any of the Production Planners to go into the plants where the products were being manufactured or fabricated.
The witness further testified however that deceased, on occasion, did enter the plant where production occurred; that he did so in order to obtain information as to the condition of the plant and the amount of equipment which could be manufactured in a day with the crew then on hand; that it was his duty to obtain this information in order to determine whether the articles of equipment ordered could be manufactured in time for delivery on the delivery date stated in the order, and, if ascertained that it could not be manufactured by that time, it was his duty to contact other plants and endeavor to have the articles manufactured at them.
Several days prior to the 7th day of October, 1953, it was ascertained that some articles had been ordered that could not be manufactured at the Oklahoma City plant; and, on the 8th day of October, 1953, deceased went to Wichita, Kansas, to contact a manufacturing plant there to ascertain whether it could manufacture the articles in question. He made the trip by automobile owned by petitioner, and at the expense of petitioner. On his return trip, when the automobile he was driving hit the abutment of a bridge, he sustained the accidental injury with resultant death, involved here. *651 The plant manager testified that it was not necessary for deceased to make the trip to Wichita; that he should have contacted the Wichita plant by telephone; that it was not part of his duty nor would his employment require, that he make such trip. It further appears, however, that on several other occasions Foree did make such trips and that petitioner always paid his expense thereon. It was the usual practice, however, when necessary to contact other plants to manufacture articles for the Oklahoma City plant, to do so by telephone.
The evidence further shows that deceased was not a mechanic; that he was not qualified to do skilled labor and that while working at the plant he never performed either manual or mechanical labor.
Petitioner contends that deceased was not engaged in the performance of manual or mechanical labor immediately prior to the time he sustained the accidental injury resulting in his death and was therefore not engaged in a "hazardous employment" as that term is defined by Tit. 85, O.S. 1951 § 3. Said definition is as follows:
"`Hazardous employment' shall mean manual or mechanical work or labor, connected with or incident to one of the industries, plants, factories, lines, occupations, or trades mentioned in Section 13349, except employees engaged as clerical workers exclusively, and shall not include any one engaged in agriculture, horticulture, or stock raising or employees of steam railroads engaged in interstate commerce."
Respondent contends that deceased was engaged in performing manual and mechanical labor incident to and connected with one of the "plants" or "factories" referred to in the above quoted section, and thus was engaged in a hazardous employment even though the activity in which he was engaged at the time of his injury was not inherently hazardous, citing Wilson & Co., Inc., of Oklahoma v. Musgrave, 180 Okl. 246, 68 P.2d 846; International Harvester Co. v. Harris, Okl., 272 P.2d 1046. She concedes that while working at the plant, deceased was not engaged in manual or mechanical labor, but contends that his afore-described driving of the automobile constituted manual labor, which, being connected with petitioner's manufacturing department, was thus connected with or incident to one of the industries included in the Act; and the Commission so found. We think this finding contrary to law. We have heretofore held the driving of an automobile, while performing the duties of a traveling salesman, is not manual or mechanical work or labor in any of the various occupations which are declared by the Legislature to be hazardous. Ada Milling Co. v. Droke, 168 Okl. 13, 31 P.2d 883; McQuiston v. Sun Co., 134 Okl. 298, 272 P. 1016. In the City of Madill v. Moss, 150 Okl. 96, 300 P. 701, we held that the city manager whose duties required him to watch the water pressure gauge connected with its water works plant and push the button to increase pressure and, who sustained an injury while performing such service, was not engaged in a hazardous employment within the meaning of the Act and could not recover compensation for such injury.
Since, while in the employ of petitioner, deceased was not engaged in the performance of manual or mechanical labor, but was engaged in the performance of services exclusively clerical or professional in nature and was in the performance of such services at the time the accident occurred, he was not engaged in an employment defined as hazardous under the Workmen's Compensation Law; and his dependents may not recover compensation under the Death Benefit Provision of the Law. In this connection see the discussion in Russell Flour & Feed Co. v. Walker, 148 Okl. 164, 298 P. 291. The fact that Foree happened to be driving an automobile at the time of his death would not bring his employment under said Law, when his work was essentially "clerical" as distinguished from "manual." The latter is what distinguishes this case from cases like Sowinski v. State Industrial Comm., 197 Okl. 240, 169 P.2d 752, cited by respondent.
Counsel for respondent and amicus curiae contend that since petitioner obtained an own risk permit from the State Industrial *652 Commission, it is thereby estopped to deny that deceased was engaged in a hazardous employment at the time he sustained his injury. This contention is based on Tit. 85, O.S. 1951 § 65.2 et seq., commonly known as "the estoppel act", and on Rule 24 of the State Industrial Commission. The estoppel written into the Workmen's Compensation Law by "The Estoppel Act", supra, is formulated from, or created out of, the scheduling of claimant's employment for the computation of premiums, and the payment, and acceptance, of such premiums on a policy of Workmen's Compensation insurance, in all respects as if claimant were covered by it.
The stated purpose of the petitioner's application to the Commission for permission to carry its own risk was "enabling the * * * Commission * * * to determine whether he  it (petitioner) possesses sufficient financial ability to render certain the payment of such compensation * * *". Then follows what might be termed a questionnaire in which the applicant sets forth certain information called for therein. Opposite question, or item, 12 appears:

 "Description of employment:
 ------------------------------------------------------------------
 Location of Plant or Plants Kind of Employment"
 ------------------------------------------------------------------
 The space under said item was filled out by applicant as follows:
 "Ardmore Sales and Service
 Blackwell " "
 Drumright " "
 Duncan " "
 Seminole " "
 Oklahoma City Manufacture & Sales Service
 Tulsa " " " "

It seems to be assumed by some of those seeking to support respondent's position that the above-quoted information given in answer to the questionnaire is the equivalent of scheduling Foree as one of the employees to be covered, and therefore was a sufficient commitment to that effect by petitioner to form the basis of the estoppel described in Tit. 85, § 65.2 et seq., supra. We do not agree; nor do we find anywhere else in the record any proof that Foree was among the employees against whose claims petitioner intended to, or ever did, insure itself. In fact there is nothing in the record to establish with any degree of certainty that petitioner ever considered Foree's employment as coming under the Workmen's Compensation Law or by its conduct in applying to carry its own risk, indicated any intention to place it thereunder. The law, sec. 65.2, Tit. 85, supra, says it applies to:
"Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee * * *." (Emphasis ours.)
There is nothing in the petitioner's form of application to carry its own risk that indicates its answer to question No. 12 therein was given to schedule Foree, or all employees in his category "for (the purpose of)" insurance coverage. Without evidence that petitioner had done something to indicate Foree's coverage, there is nothing to estop it from denying that his employment did not come within the terms of the Workmen's Compensation Law. Nor is there anything to bring this case under the "under the same circumstances" provision of the Commission's Rule 24, assuming, without deciding, that said rule is sufficient to render applicable to "own risk" employers the provision of the estoppel act "under the same circumstances" that said Act by its own terms, specifically applies to employer, *653 and the insurance companies from whom they have in fact procured workmen's compensation insurance. On the basis of this conclusion, and the one hereinbefore announced that Foree's employment was not of a hazardous character, the Commission's order was both contrary to law and to the evidence. Accordingly, the same is hereby vacated.
JOHNSON, C.J., WILLIAMS, V.C.J., and WELCH, CORN, DAVISON and HALLEY, JJ., concur.